## Yocum's Administratrix v. Cincinnati, New Orleans & Texas Pacific Ry. Company; Tony Fierock and Florence McCarty.

(Decided May 16, 1911)

### Appeal from Boyle Circuit Court.

Railroads—Killing Person on Trestle—Defective Headlight—Contributory Negligence—Proximate Cause of Accident—On this, the second trial of this case, plaintiff introduced additional evidence to show that the engine of the train which killed deceased was running with a very imperfect, or no headlight at all, and also that deceased was killed at a point other than the exact point that the evidence upon the former trial made it appear that he was killed, but under the opinion these are immaterial questions, for, in that opinion it is held that even though the company was negligent in failing to have its headlight burning, no recovery could be had because the proximate cause of the injury was the contributory negligence of deceased, but for which the accident would not and could not have happened.

ROBERT HARDING, J. W. RAWLINGS and E. V. PURYEAR for appellant.

CHAS. H. RODES, JOHN GALVIN and GEO. E. STONE for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

While riding a railroad tricycye on the evening of December 15, 1906, John Yocum was struck and killed by a passenger train, about two miles north of Danville and near a signal block known as 112-1. He had been at the S. J. Tower all evening, and at some time between 4:30 and 4:45 o'clock started to return to Danville. The S. J. Tower is at the junction of the C. N. O. & T. P. Railway, and the Southern Railway, and is situated about

halfway between two tracks. It is about ten feet high and has glass sides, affording a clear view of each track in both directions. The train that struck Yocum was the first section of passenger train No. 2. It was due to leave Danville at 4:20, but was running some twenty-four minutes late, and did not leave Danville until 4:44 p. m. There was a train on the Southern that was due to leave Danville at 4:45 p. m. It ran over the tracks of the C. N. O. & T. P. Ry. from Danville to the junction. Deceased knew that the first section of No. 2 had not passed as he had been in the S. J. tower all afternoon and it could not have passed without his seeing it. When he had proceeded toward Danville about half a mile from the S. J. tower his tricycle collided with the train, which was running at from forty to forty-five miles an hour.

Yocum was a signal inspector. His duties required him to look after and keep in proper working order one block signal on that section of the C. N. O. & T. P. system. His section covered about seven miles from a point north of Junction City to a point south of Burgin, and he was furnished with a tricycle which he might use in going to and returning from his work, under certain rules and regulations which were furnished him. He was required to know the time of all trains and to inform himself of the movement of all trains before going upon the tracks with his tricycle. This necessitated his having both a watch and a time card. He had been in the employ of the company in this capacity some six or seven years and was entirely familiar with the duties required of him under its rules and regulations. He knew that the train which killed him was running late, and by the exericse of any care could have known when he left the S. J. tower that this train was about to, if it had not already left Danville, for the tower was provided with both telephone and telegraph communication with the station and yard. When he left the tower it was raining, and when the accident resulting in his death occurred it was getting dark. These block signals consist of lights stationed along the road at different intervals for the purpose of notifying any one upon the track of the approach of a train from the the opposite direction. Deceased was going south, approaching block signal 112-1. These signals show white when the track is clear in the opposite direction and red when a train is approaching. The proof is uncontradicted that signal 112-1 on the eve-

ning in question, as lighted and in good order, and when the train had left Danville a short distance this signal indicated its presence upon the track. Had deceased been looking or observing this signal he must have known either that a train was approaching or that there was an obstruction upon the track, and, under the rules of the company, when the signal showed red it was his duty to dismount and walk along the track until the train had passed or until he had discovered the obstruction.

It is made to appear that quite frequently during the day, yard engines would run out on the track far enough from Danville to make the light from this signal show red, but it is also shown that under the rules of the company, no engine may go upon the track within the ten minutes before the time for the departure of a train from Danville north.

In an action for damages for his death, under the circumstances above set out, the administratrix recovered a judgment for $9,900, which, upon appeal here, was reversed, and remanded with instructions for a new trial consistent with the opinion. 123 S. W., 247. In that opinion it is held that the proximate cause of the death of Yocum was his own neglect in failing to heed the warning given him by signal 112-1 that a train was approaching, and that even if the train was running without a proper and suitable headlight, no recovery could be had because of the negligence of deceased. Upon the return of the case another trial was had, and at the conclusion of all of the evidence the court peremptorily instructed the jury to find for the defendant, which was done. From that ruling and the judgment predicated thereon the plaintiff prosecutes this appeal, and seeks a reversal upon two grounds, first, that the court erred in the admission of evidence, and second, in giving a peremptory instruction.

The first trial was had at the April term, 1908, of the Boyle Circuit court. Upon that trial, among others who testified, were P. U. Dyas, Frank Hannigan, W. M. Sparks, T. J. Granigan, M. M. Clay and Marshall Hayden. Upon the last trial, at the September term, 1910, of said court, the company filed an affidavit in which it stated that the witness Marshall Hayden was dead and that each of the other witnesses was absent from the State of Kentucky without its procurement or consent, and was not in its employ or under its control, and asked

that the testimony of these witnesses as given upon the former trial be read to the jury. The court permitted this to be done, and of this ruling the plaintiff complains. No counter affidavit was filed controverting any fact stated in the affidavit showing the absence of these witnesses and the death of Hayden, and, under Sec. 4643 of the Kentucky Statutes, this ruling of the court was entirely proper. Reynolds v. Powers, 17 R., 1060; Byrne v. Morel, 20 R., 1311; Fuqua v. Com., 26 R., 421; and Beavers v. Bowers, 26 R., 291.

As on the former trial, so on this, the uncontradicted evidence shows that the light in signal 112-1 was burning and in good order, that the deceased had both a time card and a watch, and that he was entirely familiar with the rules and regulations of the company, which, among other things, provided that when the signal block showed red, denoting the presence of a train ahead of him, it was his duty to dismount and walk along the side of the track until the train passed or he had discovered what turned the block against him, i. e., caused the block to show red. The evidence upon these crucial points is the same as it was upon the former trial, except as to the condition of the light in block signal 112-1 and upon that point the proof is stronger than it was upon the first trial.

Plaintiff introduced additional evidence to show that the engine of the train which killed deceased was running with a very imperfect or no headlight at all, and also that deceased was killed at a point other than the exact point that the evidence upon the former trial made it appear that he was killed. But, under the opinion, these are immaterial questions, for, in that opinion, it is held that, even though the company was negligent in failing to have its headlight burning, no recovery could be had because the proximate cause of the injury was the contributory negligence of deceased, but for which the accident would not and could not have happened. Upon the material points the case is no stronger than that presented upon the first appeal, and, without elaboration, but for the reasons given in that opinion, the judgment is affirmed.