## Young v. Duggins.

(Decided September 29, 1911.)

### Appeal from Ohio Circuit Court.

1. Right to Jury Trial.—Where the court, upon its own motion, transferred an action at law to the equity docket, and the order failed to show that appellant had objected thereto, and he, upon a subsequent day, moved the court to have his objection noted to the order of transfer, but never prosecuted said motion to a determination by the court, but proceeded to prepare the case in equity, and asked the court to try the same, his motion to have his objection noted of record will be treated as waived, and the transfer as having been made without objection.

2. Jury Trial—When to be Asked.—Where an action has been transferred to the equity docket without objection, and the appellant prepared and tried his case in equity, it is too late to thereafter ask a jury trial.

3. Evidence—Use of Stenographer's Transcript.—Where the official stenographer had made and filed a transcript of the testimony given in a former jury trial, and the court subsequently transferred the case to the equity docket, and referred it to the commissioner to report under the evidence in the record, and such other evidence as might be offered, the order was broad enough to embrace the proof contained in the stenographer's transcript; and, as the order was not objected to by appellee, he could not complain that the commissioner used the transcript as a part of the proof.

4. Practice in Equity Cases.—Where the court made an order directing the use, as evidence, of the stenographer's transcript of a former jury trial, the party objecting to the reading of such proof in evidence should file exceptions thereto, as in other cases, in order to raise the question of its admissibility.

G. B. LIKENS for appellant.

GLENN & ZIMMERMAN for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

This is the second appeal of this case. Under the opinion upon the former appeal, which may be found in 30 Ky. Law Rep., 634, the only question left to be determined upon the return of the case to the circuit court was, whether appellant bought the 80 acres, he claims, with the knowledge that appellee was claiming below the old Schroeder line, marked E. F. on the diagram made a part of the opinion. A jury trial was had upon

that issue, which resulted in a hung jury; whereupon the court, on May 20th, 1908, upon its own motion, referred the cause to the master commissioner to report on the question as to who was the owner of the land in contro-versy; and, in determining that question, he should con-sider "all the evidence in the record," and any addition-al evidence that might be offered. At the time this order was made there was neither objection or exception to the ruling; but, on the next day thereafter, the appellant moved the court to be allowed to object and except to the order made the day before. No ruling, however, was made upon the motion. Subsequently, on March 18th, 1910, appellant's attorneys filed an affidavit stating that defendant's attorneys had objected to the order of May 20th, 1908, transferring this action to the equity docket, with direction to the commissioner as above indicated. At the November term, 1909, the commissioner filed his report, in which he found that the appellant, Young, was the owner of the land in controversy; and no exceptions having been filed to said report, it was confirmed two days later, and by a formal judgment the plaintiff's pe-tition was dismissed, and appellant was adjudged to be the owner of the land in controversy. On the next suc-ceeding day, however, the judgment was set aside upon the motion of appellee, without any grounds having been assigned therefor, and the appellee thereupon filed ex-ceptions to the report of the commissioner. Upon the trial of said exceptions the appellant offered to read the evidence heard upon the former jury trial, as shown by the bill of exceptions therein, to which motion the appel-lee objected. The court sustained the objection and re-fused to hear the evidence; and, having expressed the opinion that the exceptions should be sustained, and that appellee should have judgment, the appellant then moved the court to refer the action to a jury to try the issue raised by the pleadings. At the October term, 1910, the court entered a final judgment overruling ap-pellant's motion for a jury trial, and determining that the appellee, Duggins, was the owner, and entitled to the possession of the land in dispute. From that judgment Young appeals.

Appellant insists that the court erred in transferring the case to the equity docket and in refusing to sustain his motion for a jury trial. Treating appellant's mo-tion to have his objection to the order of transfer noted of record as having been waived on account of his fail-

ure to press it to a determination, we are of opinion that appellant's motion for a jury trial was waived by his subsequent acts in moving the court to try the case upon appellee's exceptions to the commissioner's report, before it had passed upon his motion for a jury trial. Furthermore, nearly a year after the case had been transferred appellant gave his own deposition, and took another deposition, in support of his view of the case. It was then too late for him to insist upon his right to a jury trial. In its controlling facts this case is strikingly like Blanton v. Howard, 25 Ky. Law Rep., 929, wherein this court said:

"From our view of the case it was not necessary to discuss the question as to whether the appellants had the right to have the issues of fact tried by a jury. The case was referred to the commissioner without objection by the appellants; they appeared before the commissioner, introduced their testimony and when the commissioner made his report they appeared and filed exceptions to the report, which were tried by the court. This was all done without any objection upon their part. In our opinion it is too late now to make the question that the case should not have been referred to the commissioner, and as to the proceedings had in the case."

The effect of appellant's course in this case was to proceed under the order transferring the case to equity without objection, until the case had been prepared and tried; it was then too late to ask a jury trial.

We are of opinion, however, that the court was in error when it refused to permit appellant to read in evidence the proof which had been taken by the official stenographer on the jury trial. The order of the court directed the commissioner to consider all the evidence in the record. This proof was a part of the record at that time, and we see no reason why, under the order in this case, the proof should have been retaken in the shape of formal depositions, since the order was broad enough to embrace this proof, and was not objected to by appellee. This practice was approved in Finley v. Meadows, 134 Ky., 75—where the proof had been taken by the official stenographer in the jury trial, and the case, as here, had been subsequently transferred to equity.

Furthermore, this excluded proof contained the testimony of seven witnesses, which tended strongly to support appellant's view of the case, and had been used by

the commissioner in making his report to which appellee was excepting. Aside from the question of the admissibility of the evidence in the shape of a former bill of exceptions, and as a mere matter of procedure, the appellee should have made his objection to its use by an exception to the commissioner's report; and, in case of the exclusion of the transcript, appellant would then have had the opportunity of curing the defect. If any of the testimony could not have been secured for the subsequent trials, appellant had the undoubted right under section 4643 of the Kentucky Statutes to use the transcript of the former evidence to that extent.

For the error in excluding this proof, the judgment of the circuit court is reversed, with instructions to try the case upon the record as made up including the testimony embraced in the bill of exceptions as a part of the proof.