# Southern Railway in Kentucky v. Owen, By et al.

(Decided May 11, 1915.)

## Appeal from Shelby Circuit Court.

1. Damages—Excessive Damages.—Evidence in an action to recover damages for injuries to a child resulting in nervous disorders, examined and held that the verdict was not excessive.

2. Evidence—Former Evidence—When Admissible Under Kentucky Statutes 4643.—Where a party desires to use the former evidence of a witness whose presence on a subsequent trial he is unable to procure, it is the better practice to file the affidavit and motion required, before the parties are required to announce as to their readiness for trial. The former evidence of a witness may be used only when his present testimony cannot be procured according to the methods prescribed by law for obtaining same. The mere fact that the witness is not present in court does not render permissible the introduction of his testimony given on a former trial and reported by the official stenographer.

WILLIS, TODD & BOND and HUMPHREY, MIDDLETON & HUMPHREY for appellant.

BARRICKMAN & KALTENBACKER and RALPH GILBERT for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This action was instituted in the Shelby Circuit Court against the Southern Railway in Kentucky to recover damages for injuries sustained by Harry Owen in 1912, he being at that time a boy four years of age.

The first trial resulted in a verdict and judgment in plaintiff's favor in the sum of one thousand dollars, which upon appeal was reversed on the ground that the verdict was excessive. See 156 Ky., 827, 162 S. W., 110.

A second trial resulted in a verdict and judgment in plaintiff's favor in the sum of fifteen hundred dollars; and the railway company appeals, again insisting that the verdict was excessive.

The injuries were caused by the bursting of a water tank, the boy being caught in the consequent flood of water and swept about thirty feet against a fence, from which position he was rescued in a few minutes. Only slight superficial injury was shown; the claim of right to recover herein is rested principally on the basis of alleged impairment of the boy's nervous system.

On the first trial, as shown in the former opinion, a specialist on diseases of children testified that such an occurrence as that in which the boy was involved was sufficient to induce an impairment of the nervous system of a child of that age which would require time and attention to relieve; that during the time the boy had been under his observation there had been a general improvement in his condition; but that he could not state how long the trouble would continue. It was shown that at the time of the former trial the child was physically normal; and under this and the other proof mentioned in the former opinion, the court held that the verdict was excessive.

The second trial was held about twenty months after the first trial. During the interim, the child was under the observation of the specialist above mentioned, and of several local physicians. By these, upon the second trial, it was shown that the boy had been and was then suffering from an impairment of his nervous system; that he was subject to nervous paroxysms; at times in his sleep would reach out for the head of the bed and cry out and beg to be taken out of the water; that he exhibited a restless jerking and twitching and other symptoms conformable to the criteria of nervous disease. The evidence of these observers, without reviewing it in detail, was sufficient to create an abiding belief that the occurrence wherein the boy was injured produced a strong mental impression and a considerable shock upon his nervous centers; and that the effect thereof, in the interim between the two trials, had thoroughly and incontestably manifested itself by indicia recognized by modern medical authorities as undeniably symtomatic of such disorders.

Moreover, at the time of the first trial, the boy was superficially, and from the standpoint of physique, a normal child, and it was shown upon the second trial that both as to height and as to weight, he was twenty-five per cent below normal; and that in the twenty months' interval he had not increased a single pound in weight.

Under this state of the proof, while it is true that the evidence is conflicting, we will not say that the verdict is excessive. There was ample evidence to support it, and it will not be disturbed.

2. Mrs. W. D. Isaac was a witness for the plaintiff upon the first trial of the action. It appears that upon

the second trial she was not present; and the bill of exceptions shows the following proceedings:

"Thereupon plaintiff by counsel, having heretofore filed her affidavit, offered to read from the original bill of evidence taken by the stenographer at the former trial of this case, the testimony of Mrs. W. D. Isaac, to which the defendant by counsel objected; and the court being advised, said objection was overruled, to which ruling of the court the defendant by counsel excepted."

The affidavit referred to is as follows: "The affiant, Mrs. Z. M. Owen, states that at a previous trial of this case between the same parties, the evidence of Mrs. W. D. Isaac was taken by the official stenographer and is now a part of the record in this court; that Mrs. Isaac is now ill and confined to her bed under the care of a physician in Richmond, Kentucky; that by reason of these facts she has been unable to obtain the presence in court of this witness; and she asks that she be permitted to read the stenographer's report of her evidence in the former trial, as her evidence in this trial."

When this affidavit was filed the record does not disclose; but from the fact that it was not acted upon by the court until the offer was made to read the former evidence of this absent witness, it would seem that the affidavit was first produced during the progress of the trial and after plaintiff had testified.

Appellant complains of the ruling of the trial court in permitting the former evidence of this witness to be read on the second trial.

It is provided by Section 4643, Kentucky Statutes, that the testimony of a witness, when taken by the stenographic reporter of the court, may, in the discretion of the trial judge, be used in any subsequent trial of the same cause between the same parties, where the testimony of such witness cannot be procured, which fact must be made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney.

But this does not mean that merely because the witness is not present in court his former evidence may be used. If the witness be dead, or insane, or laboring under such physical or mental infirmity as to render it impossible to procure his deposition within a reasonable time, or if he be absent from the State and his whereabouts unknown so that his deposition cannot be pro-

cured, or when other conditions of like nature exist rendering it impossible to obtain his deposition, the use of the former evidence is permissible.

But where the witness is within the State, although ill at the time of the trial and temporarily unable to attend court, the testimony of such witness may be procured.

The statute does not mean "procured right at the time the offer is made to read the former evidence;" it means when the present testimony of the witness cannot be procured according to the methods prescribed by law for obtaining the same. It was not the intention of Section 4643 to abrogate the provisions of the code in respect to the use of depositions on the trial of ordinary actions.

So far as the record shows, the deposition of this absent witness could have been procured within the purview of the statute; possibly not in time to have held the trial on the day on which it was held, it may be conceded; but there is nothing in the affidavit showing that her presence on another day or at the next term could not be had, or her deposition taken. Under these conditions it was error to permit the introduction of the former evidence of the witness in question.

The court is also of the opinion that where a party proposes to use the former evidence of a witness, it would be the better practice to file the affidavit and make the necessary motion for the admission of the former evidence before the trial is entered into and before the parties are required to announce as to their readiness for trial.

However, we are unable to say that any substantial right of appellant was prejudiced by the introduction of the former evidence of this witness. Appellant complains that when the evidence of this witness as to the condition of the child during the period prior to the first trial, was read to the jury, they were compelled to take same as evidence of its condition at the time of the last trial. This contention is without merit. If the jury were not informed of the date the witness testified such information would have been given had defendant demanded it.

There was ample evidence other than that of this witness to authorize a verdict for the plaintiff; and this being the state of fact, a reversal could be had only because the damages are excessive; and there was nothing

in the testimony of this witness that could have caused an excessive finding of damages. The strongest evidence produced by appellee relative to the child's condition was that of the physicians; and we have no doubt that it was upon this evidence that the jury predicated the amount of its finding.

Judgment affirmed.