## Louisville & Nashville Railroad Company v. Elmore's Administrator.

(Decided June 21, 1918.)

### Appeal from Madison Circuit Court.

Railroads—Failure to Equip Engine With Headlight—Negligence.—A railroad company is under the duty to one of its employees who is a licensee upon its track in running its trains in the night time to have its engine equipped with a headlight and to have it burning so that its licensed employees may have the means of discovering the approach of the train and to keep

out of its way, and a failure on the part of the company to so equip its engine is negligence toward its employee, for which, if he is injured, he may maintain an action for damages.

SHELBY, NORTHCUTT & SHELBY and BENJAMIN D. WARFIELD for appellant.

CHENAULT & WALLACE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Modifying former opinion.

Since rendering the original opinion in this case, which is reported in 180 Ky. 733, we have concluded that we misinterpreted as well as misapplied one principle of law involved in the case, which is whether the defendant and appellant, Louisville & Nashville Railroad Co., was under the duty of having its engine which collided with the handcar in which the decedent was riding and which produced the accident equipped at the time with a headlight, and on our own motion modify the opinion as herein indicated. In the opinion it is said that "Since there is no duty to warn such employees of the approach of trains, it would necessarily follow that they would not be entitled to demand that signals of the approach be given, *nor to any other equpiment which might warn them of the approach of trains such as headlights on engines.*" Since rereading the two cases of C. N. O. & T. P. Ry. Co. v. Yocum, one reported in 137 Ky. 117, and the other in 143 Ky. 700, we have become convinced that the part of the above excerpt which holds that an employee situated as the decedent was in this case (he being a licensee) was not entitled to have defendant's engines equipped with headlights was error. The opinions referred to in fact hold to the contrary, upon the idea that it being the duty of a licensee situated as decedent was in this case to discover the approach of trains, it was the duty of the railroad company to equip its trains so as to give him a reasonable opportunity to discover their approach, one of such equipments being a burning headlight on the engine while running the train in the night time. The same interpretation of the two Yocum cases, *supra,* has been adopted by this court, since rendering the original opinion, in the case of Louisville & Nashville Railroad Company v. Mullins' Admx., 181 Ky. 148.

As stated in the original opinion, the evidence greatly preponderates that the headlight on defendant's engine

at the time of the collision with the handcar in which decedent was riding was burning, yet there was sufficient evidence to authorize the court under the scintilla rule to submit that issue to the jury, although its finding that the headlight was not burning may have been flagrantly against the evidence. This modification also necessitates a brief consideration of the issue of contributory negligence raised by the pleadings and relied upon by the defendant. Upon that issue it was shown that there were signal boards by the side of the track at stated distances indicating that the train was in the block, and that there were at least two of them between Berea and the place of the accident, and it is insisted that it was negligence sufficient to defeat a recovery for the decedent not to have discovered the approach of the train by observing the signal indicated by those boards. But it is shown that the signals indicating the approach of the train were on the opposite side of the boards from the direction decedent was traveling, and in order to see them he would have had to look backward, not being able to do so by looking forward, the way his handcar was traveling. The train producing the collision was not a regular one, but was a second section of a regular train, which had passed the handcar at the public crossing about four or five minutes before. There was nothing indicating to the decedent that an extra train was contemplated, or that a second section of the regular train was approaching. Under the circumstances we think the issue of contributory negligence was a question for the determination of the jury under proper instruction. In all other respects the original opinion is adhered to.

So, if the evidence upon another trial is substantially the same as upon the last one, instead of the court peremptorily instructing the jury to find for the defendant, as directed in the original opinion, it will submit to the jury only the issue of the defendant's negligence in failnig to have the headlight to its engine burning, and the issue of the decedent's contributory negligence, together with an instruction upon the measure of damages.

The original opinion, therefore, is modified to the extent herein indicated.