## Wallace, Jr., et al. v. Lackey.

(Decided May 15, 1923.)

### Appeal from Lawrence Circuit Court.

1. Evidence—Modes of Proving Evidence Given at Former Trial Stated.—Testimony given on a former trial may be proved by any one who is present and remembered the testimony of the witness, by the stenographer, who may read the testimony from his notes after he has sworn the evidence was correctly reported, and by the transcript of the evidence contained in the bill of exceptions.

2. Evidence—Unofficial Carbon Copy of Evidence at Former Trial is Incompetent.—To prove testimony given at a former trial by

the transcript of the evidence, either the original transcript in the bill of exceptions, or the official carbon copy filed with the papers, or a duly certified copy, must be introduced, and it was incompetent to permit such testimony to be proved by an unofficial carbon copy, which an attorney swore was, in his judgment, a correct copy of the official transcript.

3. Evidence—Affidavit Witness Cannot Testify is Prerequisite to Testimony at Former Trial Unless Death Appears of Record.—Before evidence given by a witness on a former trial is used, it must be made to appear satisfactorily to the court by affidavit of the party, or his attorney, that the witness cannot be produced to testify, nor his deposition taken for some good and sufficient reason, unless it is desired to use the former evidence given by a party who has since died, and whose death appears of record.

4. Witnesses—Testimony of Widow Should be Confined to Facts Since Death of Husband.—Where the original defendant had died since the first trial of the cause, and his widow and sole devisee was substituted as defendant, and she introduced the evidence of her deceased husband given at the former trial, her evidence should be confined to what took place after his death, and she should not have been permitted to testify to any facts occurring in his lifetime.

5. Boundaries—Evidence of Occasional Cutting of Timber is Admissible to Show Acquiescence in Agreed Boundary.—Where the defense to an action to try title was adverse possession and agreement fixing the boundary, evidence that defendants occasionally cut timber from the land in controversy, though not sufficient to show adverse possession, was admissible to show that plaintiffs recognized and acquiesced in the dividing line which defendant claimed was agreed on and marked by the parties.

6. Boundaries—Executed Parol Agreement Settling Dispute of Boundary is Binding.—Where the dividing line between two tracts of land is uncertain, and there is a bona fide dispute as to its location, a parol agreement fixing the line is binding on the adjoining landowners after it is executed by marking the line, and is recognized and acquiesced in by the parties for a considerable length of time.

CLYDE L. MILLER for appellants.

M. S. BURNS and W. D. O'NEAL for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This action of trespass to try title was brought by F. T. D. Wallace, Jr., and others against James Q. Lackey, who denied the title of plaintiffs and asserted title in himself by adverse possession, and by a parol boundary agreement made by him with Eugene Wallace, the father of plaintiffs. On the first trial the court excluded a cor-

rected commissioner's deed, which was necessary to show title in plaintiffs, and directed the jury to return a verdict in favor of defendant. On appeal the exclusion of the deed was held to be error and the judgment was reversed for a new trial. Wallace v. Lackey, 173 Ky. 140, 190 S. W. 709.

Before the next trial James Q. Lackey died, and the action was revived against Lyda Lackey, his widow and sole devisee. A second trial resulted in a verdict and judgment for Mrs. Lackey, and the plaintiffs appeal.

Complaint is made of the admission of the evidence given by certain witnesses on the first trial. A former attorney was permitted to read the evidence from what purported to be a carbon copy of the transcript of the evidence contained in the bill of exceptions of the former trial. The copy was not the official carbon copy required to be filed with the original papers, but was an unsigned copy furnished to Mr. Lackey. The witness was permitted to read from the copy after he had sworn that, in his judgment, the copy was a true copy of the record and correctly set forth the evidence taken on the former trial. There are three ways of proving evidence given on a former trial: (1) by any one who was present and remembered the testimony of the witness; (2) by the stenographer, who is permitted to read from his notes after he has sworn that the evidence was correctly reported; (3) by the transcript of the evidence contained in the bill of exceptions. Inasmuch, however, as the transcript of the evidence, when properly filed and incorporated in the bill of exceptions, becomes an official record, an unofficial copy thereof is not admissible on proof by an attorney in the case that, in his judgment, it was a correct copy of the original transcript. Either the original transcript contained in the bill, or the official carbon copy thereof filed with the papers, must be introduced, or a copy thereof duly certified by the clerk of this court, or by the the clerk of the court having the legal custody of the original papers. We may further add that where it is proposed to make use of the evidence given by a witness on a former trial, it must be made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney, that the witness is dead or insane, or laboring under such physical or mental infirmity as to render it impossible to procure his deposition within a reasonable time, or is absent from the state and his whereabouts un-

known, or that, for some other good and sufficient reason, his testimony cannot be procured, Southern Ry. in Kentucky v. Owen, 164 Ky. 571, 176 S. W. 25, subject, however, to the exception that the former evidence of a party who has since died may be read without the filing of such an affidavit, where the fact of death appears of record. Ky. Traction & Terminal Co. v. Downing's Admr., 159 Ky. 502, 167 S. W. 683.

As Mrs. Lackey used the evidence of her deceased husband given on a former trial, her evidence should have been confined to what took place after his death, and she should not have been permitted to testify to any facts occurring in his lifetime.

While evidence that the Lackeys occasionally cut timber from the land in controversy was not sufficient, of course, to show adverse possession, it was clearly admissible for the purpose of showing whether the Wallaces recognized and acquiesced in the dividing line which the Lackeys claim was agreed on and marked by the parties.

The rule is that where the dividing line between two tracts of land is uncertain, and there is a *bona fide* dispute as to its location, a parol agreement fixing the dividing line is binding on the adjoining landowners, where the agreement is executed by marking the line, and the line is thereafter recognized and acquiesced in by the parties for a considerable length of time. Garvin v. Threlkeld, 173 Ky. 262, 190 S. W. 1092. On these questions we are of the opinion that the evidence introduced by Mrs. Lackey was sufficient to carry the case to the jury.

Judgment reversed and cause remanded for a new trial consistent with this opinion.