# Home Laundry Co. et al. v. Cook.

Feb. 17, 1939.

WILLIAM H. FIELD, Judge.

FINLEY F. GIBSON, JR., for appellants.

WM. ALPHA HUBBARD and MARVIN C. WERLE for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Reversing.

Appellee, Bertha C. Cook, administratrix of William C. Cook, filed this action in the Jefferson Circuit Court against appellants, Robert Philpot and Home Laundry Company, a corporation, to recover damages for the death of William C. Cook by reason of the alleged negligent operation of a truck of the Home Laundry Company operated by Philpot. On trial before a jury, a verdict was rendered in her behalf in the sum of $10,000 against both appellants and from a judgment entered on that verdict appellants prosecute this appeal, assigning as a reason for reversal errors upon the part of the trial court as follows: (1) Error in refusing to direct a verdict in appellant's behalf at the conclusion of all the evidence, (2) error in instructing the jury, (3) error in admitting incompetent evidence, and (4) error in rejecting competent evidence offered by appellants. We will discuss these contentions in order.

(1) The decedent, William C. Cook, had been out with some friends in his automobile and was driving east on Portland Avenue in Louisville between Twenty-Second and Twenty-Third Streets. He drove up to the curb on the south side of the street and these friends got out of the car, after which the decedent started away from the curb. After he got a short piece out into the street, the truck of the Home Laundry Company, approaching from the rear, driven by Philpot,

ran into his car, throwing him therefrom and inflicting injuries upon him from which he died.

The evidence was sharply conflicting as to whether the decedent was making a reverse or "U" turn in the street or was merely pulling out gradually into the street, and as to the speed of the truck. The trial court instructed the jury on the duties of the respective drivers and in view of the conflict of evidence there was ample justification for the jury to find either for or against the appellants on the issue of negligence.

It is the contention of the appellant, Home Laundry Company, that it was entitled to a directed verdict because the evidence establishes that at the time of the collision Philpot was not its agent and was driving the car only for his own personal use and pleasure. The evidence discloses that this accident occurred on Friday, September 14, 1935, about 5:30 P. M. Philpot had been in the employ of the Home Laundry Company for some time and he and William L. Bradley, sales manager of the Laundry Company, who had charge of the truck drivers of the company at that time, testified that Philpot had on numerous occasions after he finished his work in the afternoon used the truck for his own pleasure. They both state that about 5 o'clock on the afternoon of the accident Philpot called Mr. Bradley and told him he was through for the day and received permission to use the truck to go to his home and then bring the truck back and put it in the Liberty Garage, where it was kept at night. Philpot says that he had a date with a lady friend and was going to pick her up and bring her to town with him, put the truck in the garage and then go to a show. Mr. Bradley admits that this was the first time Philpot ever called him for permission to use the truck, but accounts for this by stating that about a week before the accident the company had adopted a rule requiring employees to call and get permission before using the trucks after business hours. At the time of the accident, the truck had in it undelivered bundles of fresh laundry and also several bundles of dirty laundry. Portland Avenue, where the accident occurred, was on the route covered by Philpot in his laundry deliveries. Philpot, in his deposition taken as on cross examination, was asked these questions:

"Q. Where had you been? A. I had been delivering laundry in the west end.

"Q. Where were you going? A. I was going back to the shop."

In his testimony on the present trial he accounted for these statements by saying that he meant that he was going back to the shop eventually, that is, after he had gone home. After the accident, Philpot talked to a police officer, Jorris, telling him that he was not in a hurry and was going to a date. This officer, who was called as a witness by appellants, in relating his conversation with Philpot, said "in substance, he inferred he was taking the truck back in, I suppose, to dispose of it and go on to his date."

The use of an employer's automobile by an employee creates the presumption that the employee was engaged in the employer's business at the time of the accident. Ashland Coca Cola Bottling Company et al. v. Ellison et al., 252 Ky. 172, 66 S. W. (2d) 52; Dennes v. Jefferson Meat Market, Inc., 228 Ky. 164, 14 S. W. (2d) 408. This presumption places upon the employer the burden of disproving such presumption. When the presumption in plaintiff's favor is met by uncontradicted and unimpeached evidence entirely in harmony with that introduced by the plaintiff on the same point, the presumption is overcome. Mullen & Haynes Company et al. v. Crisp, 207 Ky. 31, 268 S. W. 576. The kind and character of evidence sufficient to overcome such a presumption is fully and carefully considered in Ashland Coca Cola Bottling Company et al. v. Ellison et al., supra, wherein many authorities are collated and discussed. The court in that case, in reaching the conclusion that the evidence introduced was not sufficient to overcome the presumption, quotes with approval from 2 Blashfield's Cyclopedia of Automobile Law, page 1648, to the effect that evidence of this character "must be of a conclusive or unimpeached character, or must be undisputed, clear and convincing, and that such presumption is not overcome as a matter of law by evidence presented on behalf of the defendant by interested witnesses, or by evidence which is of a suspicious nature, or is impeached to any extent, or by evidence which is contradictory, or reasonably subject to contradictory interpretations." [252 Ky. 172, 66 S. W. (2d) 54.]

Considering the testimony in the case at bar in the light of this rule, we are of the opinion that it was far from being sufficient as a matter of law to overcome the

presumption that Philpot was operating the truck at the time, on the business of the laundry company. He was on the route usually covered by him at a time of day not shown to be after his usual or occasional working hours and had in the truck undelivered fresh laundry as well as bundles of soiled laundry. In addition thereto, he made the statement in his deposition that he was going back to the shop. It was also the first time he ever made a telephone call to receive permission to use the truck. The evidence produced by appellants on this issue is of a contradictory and somewhat suspicious nature and does not leave the mind impressed to any high degree with its truth. The court was amply justified in submitting the question of agency to the jury and there was ample evidence justifying the jury in finding that Philpot was engaged in the business of the laundry company at the time of the accident.

(2) The trial court properly instructed the jury that it was the duty of Philpot to run his truck at a rate of speed no greater than was reasonable and proper considering the traffic at the time and place. Appellants contend that it should have given the character of instruction, as to violation of the legal speed limit, indicated in Utilities Appliance Company et al. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478, as revised in the case of Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939. There is no merit in this contention. An instruction of this type would have been an instruction in favor of appellee and against appellants. Had the appellee requested such type of instruction, she would have been entitled to it. The omission thereof was favorable to the appellants.

There was no substantial error, if any, in the failure of the court to give an instruction defining negligence. We find that the word "negligence" is not used in the instructions. The court instructed on the respective duties of the drivers and predicated the rights of the parties on the failure to perform any one or more of the duties. It is true that in instruction (b) the court told the jury that if the decedent "was negligent in that he failed to perform any one or more of the duties required of him, such failure on his part might bar a recovery," but the operation of the word "negligent" was thereby limited and confined to mean a failure to perform a duty. It would probably have been better prac-

tice to have defined the word, but the failure to do so was not prejudicial in view of the form of the instructions.

Appellants offered in evidence ordinances of the City of Louisville designating Portland Avenue at the point in controversy as a boulevard, and also the general ordinance prohibiting a reverse turn on boulevards. The court excluded this evidence and the appellants assign this as an error. There is no merit in this contention, because the courts take judicial notice of ordinances of cities of the first class. Kentucky Statutes, Section 2775; Gnau v. Ackerman, 166 Ky. 258, 179 S. W. 217.

However, appellants offered an instruction to the effect that it was the duty of the decedent not to make a reverse turn, and that if he failed to observe this duty and such failure contributed to bring about his injuries, he could not recover. This instruction was refused by the court and the instructions given did not define this duty to the jury. This was obviously erroneous because appellants' theory of the case was that the collision happened by reason of the decedent making a reverse turn on this boulevard. The court did instruct on certain duties of the decedent but omitted to instruct on this duty, which is provided by ordinances of the city. The violation of the terms of a statute or ordinance with reference to the operation of automobiles is negligence per se. If such negligence contributes to bring about a collision to such an extent that, but for such negligence, it would not have occurred, the plaintiff is barred by contributory negligence. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. (2d) 564. As there was substantial evidence for appellants that decedent was violating this ordinance, which violation was negligence per se, and that this violation was the cause of the collision, the court should have instructed specifically that it was the duty of the decedent not to make a reverse turn at this point.

Appellants complain of the refusal of the court to give instruction No. 3 offered by them to the effect that if Philpot was suddenly and unexpectedly confronted with decedent's automobile and thereby placed in imminent danger, he had the right to operate his automobile in such manner as a reasonable, prudent man would have done under similar circumstances to avoid danger. We think this instruction was properly refused by the

court, as it was inapplicable under the circumstances shown in evidence. There was no evidence or intimation that Philpot adopted any improper or incorrect method of attempting to avoid danger. The evidence was directed toward showing only that Philpot ran into the decedent's car by reason of an excessive rate of speed and on account of his failure to keep a reasonable lookout.

(3) Appellants contend that the trial court erred in permitting the reading of the testimony of Thomas Allison and Ray Vetter given upon a former trial in this case, and we are of the opinion that this contention is correct.

Section 4643, Kentucky Statutes, provides:

"Transcript used in subsequent trial if witness absent; exception.—The testimony of any witness or witnesses taken by said reporter in any court or division as aforesaid shall constitute a part of the record of the case, and may, in the discretion of the presiding judge, be used in any subsequent trial of the same case between the same parties, where the testimony of such witness or witnesses can not be procured, which fact must be made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney."

No affidavit was filed by appellee showing that the testimony of these witnesses could not be procured. It is stated in appellee's brief that there was an understanding that the testimony of these witnesses given on the former trial would be read. However, the record discloses nothing of this kind. It shows only that when appellee offered to read the transcript in evidence, appellants objected.

This is no longer an open question in this court. The filing of this affidavit is an indispensable prerequisite to the reading of the transcript of testimony on a former trial in the absence of something in the record showing the unavailability of the witnesses. Liverpool & London & Globe Insurance Company v. Wright, 166 Ky. 159, 179 S. W. 49; Wallace et al. v. Lackey, 199 Ky. 190, 250 S. W. 843. In Southern Railway in Kentucky v. Owen, 164 Ky. 571, 176 S. W. 25, 26, it is pointed out that the language of the statute "where the testimony of such witness cannot be procured" does not mean

"procured right at the time the offer is made to read the former evidence," and that it was not the intention of this section to abrogate the provisions of the code in respect to the use of depositions on the trial of ordinary actions. The opinion points out that, so far as the record shows, the deposition of the absent witness could have been procured within the purview of the statute, possibly not in time to have held the trial the day it was held, but that there was nothing in the affidavit showing that the presence of the witness on another day could not be had or her deposition taken.

In the case at bar, appellee insists that, as subpoenas were issued for these witnesses and returned "not found," this justified the reading of their testimony on the former trial. However, there is nothing in the record to show that the presence of these witnesses could not have been obtained at a later date or their depositions secured in time for a trial at a later date.

The decisions relied on by appellee on this question are not controlling. In Harbison & Walker Co., Southern Department v. White, Ky., 114 S. W. 250, the record showed that the witness whose testimony given on the former trial was read had left the state. It is recited that the plaintiff had been unable to procure the deposition of the witness. Felty v. Felty, 164 Ky. 355, 175 S. W. 643, merely held that where the evidence of a witness given on a former trial was read without filing the affidavit required, the error was not prejudicial because the evidence so introduced was substantially admitted by the adverse party. Austin v. Commonwealth, 124 Ky. 55, 98 S. W. 295, 30 Ky. Law Rep. 295, does not discuss the question of whether or not the filing of such affidavit was necessary. In Jenkins v. Louisville & Nashville Railroad Company, 105 Ky. 737, 49 S. W. 537, 20 Ky. Law Rep. 1534, this question was not before the court for decision. Young v. Duggins, 144 Ky. 618, 139 S. W. 847, has no substantial bearing. After trial by jury, the cause was transferred to equity and an order made directing the commissioner to consider all the evidence in the record and no objection to this order was made.

We see no reason to depart from the rule heretofore laid down in this court that the filing of this affidavit, in the absence of some special showing in the record, is an indispensable prerequisite to reading former

testimony in evidence. The testimony of Thomas Allison, read in this manner, being incompetent, was highly prejudicial. In fact, it was the strongest testimony in the case of negligence on the part of Philpot, as it put the speed of the truck at 50 miles an hour at the time of the collision. This error alone is sufficient to require a reversal of the judgment.

Appellants contend that the court erred in admitting in evidence the record of a lawsuit between the laundry company and Philpot in which the company sued him after the accident for money owed by him, but did not seek to recover damages from him on account of injuries to the truck. We regard this as irrelevant and immaterial, and on the next trial this evidence should be rejected.

Appellants also contend that error was committed in permitting Mrs. Annabelle Smith to testify as to the speed of the truck at a point 1,800 feet distant from the scene of the accident. In Stevens v. Potter, 209 Ky. 705, 273 S. W. 470, it was held error to admit testimony as to the rate of speed of a car a quarter of a mile from the accident, but in Consolidated Coach Corporation v. Wright, 231 Ky. 713, 22 S. W. (2d) 108, it was pointed out that where a witness testifies to the speed of a car 300 yards away from the accident and that this speed was maintained right up to the place of the accident, such evidence is competent. In the present case, Mrs. Smith was in an automobile following behind the truck driven by Philpot and she testifies that this speed was maintained at least until the time she says the truck passed a street car at Twenty-Fourth Street, a short piece from the accident. Other witnesses also testify as to the speed of the truck at the point where it passed a streetcar and continuously from there to the point of the accident. We are therefore of the opinion that this evidence was properly admitted.

Appellee plead in the petition that Philpot was a reckless and careless driver, incompetent to drive an automobile, and that this fact was known to the Home Laundry Company or could have been known to it by the exercise of ordinary care. In the attempt to prove these allegations, she introduced evidence that Philpot was arrested and fined for speeding in 1931. She also offered evidence that he was convicted of being drunk in 1934. This last was admitted by the court but then

18

excluded and the jury admonished not to consider it. It was also brought out that Philpot was tried in the police court in 1936, some time after the accident. Objection was sustained to this last question after it was answered, but no admonition was given to the jury. The net result was that there appeared before the jury a single isolated instance of conviction for speeding in the year 1931. This evidence should have been rejected by the trial court, because a single isolated instance of this kind occurring more than four years before the accident is certainly not sufficient to establish incompetence or recklessness on the part of an employee, and in this particular case no evidence whatsoever was introduced tending to show any knowledge of incompetency of Philpot on the part of the laundry company. The net result of appellee's efforts to get in evidence of this character was highly prejudicial to the appellant, Home Laundry Company.

(4) Appellants contend that in numerous instances the court erred in refusing to permit them to contradict witnesses by proving contradictory statements made in previous testimony or in written statements signed by the witnesses. It would draw this opinion out at great length to quote the testimony of these witnesses and the statements offered as being in contradiction of their statements on this trial; but in each and every instance in which such testimony was offered by appellants and rejected by the court, we find that there was some contradiction of a material nature between the present testimony of such witnesses and the statements offered by appellants. On the next trial, the court should examine such previous testimony and statements offered in contradiction and ascertain the parts thereof as are properly contradictory and permit the introduction of this contradictory evidence.

While Philpot was testifying he was questioned by Mr. William A. Hubbard as to a statement made by him in his deposition that at the time of this accident he was going back to the shop. On being pressed about the matter, Philpot stated that "You (meaning Mr. Hubbard) offered me $300.00 to throw the case over there in Leonard Walker's office." Mr. Hubbard took the witness stand in rebuttal of this matter and testified at length about it. After this testimony by him, appellants offered a number of witnesses in evidence about the matter but their testimony was rejected and put in the rec-

ord in the form of avowals. It would occupy a great deal of space to recite the substance of all testimony along this line, and for that reason we will not do so. We are of the opinion, however, that a portion of this testimony was competent, particularly that of J. Leonard Walker. When Mr. Hubbard testified, he thereby made competent in rebuttal all testimony offered by appellants concerning his actions in this matter, and appellants were unquestionably entitled to prove all statements made by him in connection therewith and to prove all actions on his part in connection with any alleged attempt to procure a witness to give false testimony. Mr. Walker's testimony pertains to a statement made by Mr. Hubbard in his presence to Philpot concerning the matter, and was therefore competent. Any other statements made by him, or in his presence concerning him about this matter, should also be admitted on the next trial.

Appellants complain that the court was in error in overruling their motion to permit the jury to view the scene of the accident, but we are of the opinion that no error was committed in this respect. This was a matter addressed to the sound discretion of the court, and this discretion does not appear to have been abused. The evidence was easily understood by the jury and we fail to see anything in the evidence showing that a jury view was necessary or material to a proper comprehension of the evidence.

The court committed no error in rejecting photographs offered by appellant. These photographs were taken some months after the accident and it appears from the evidence that there had been a material change in the situation sought to be illustrated by them.

While we stated in the outset of this opinion that this was an appeal from the judgment of $10,000 against appellant, we may add that there were in fact two appeals which have been consolidated and heard together. On the day that the appeal from the $10,000 judgment was filed in this court, the appellants filed in the Jefferson Circuit Court a petition for a new trial, alleging certain irregularities in the impaneling of the jury; that one of the jurors had failed to disclose a situation which would have caused appellants to strike him from the jury. Evidence was heard on this matter and the lower court refused to grant a new trial and dismissed appel-

lants' petition. From the order dismissing that petition this second appeal was prosecuted and these two appeals were consolidated.

As the judgment in this case is being reversed and a new trial granted to the appellants, the question thus raised on the second appeal becomes moot. This second appeal is therefore dismissed.

For the reasons given, the judgment is reversed with directions to grant appellants a new trial and for further proceedings consistent with this opinion.