## Nowak v. Joseph.

June 11, 1940.

Burrell H. Farnsley, Judge.

Huggins & Hogan and Robert E. Hogan for appellant.

Finley F. Gibson, Jr., for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

While crossing Third Street, in Louisville, Joseph Nowak was struck and injured by the automobile of Alfred S. Joseph. A verdict was returned for the defendant in the former's suit for damages. We reversed the judgment because of erroneous instructions. Nowak v. Joseph, 275 Ky. 470, 121 S. W. (2d) 939. Upon a retrial another verdict was found for the defendant. The plaintiff appeals.

The mandate was filed January 3, 1939, and the case assigned for trial on March 22nd. On that day the court sustained the defendant's motion that the testimony of two witnesses given on the former trial be read as their evidence. The parties announced ready for trial. Because of congestion the case was transferred to the Second Division of the Jefferson Circuit Court. There the plaintiff renewed his objection to the reading of the testimony of the two absent witnesses; but it was again overruled. Proper exceptions were saved. The testimony was read and the plaintiff assigns this as prejudicial error.

In support of his motion the defendant filed his affidavit reciting that the two witnesses were absent from Kentucky; that he was informed one of them was in Hollywood, California, and the other in Florida, and that he did not know the address of either. That was all. The question is whether that was sufficient to authorize the trial court, in the exercise of the discretion given him by Section 4643 of the Statutes, to permit the reading of the testimony. The statute provides that testimony of witnesses reported by the court's official reporter may be used in any subsequent trial of the same case between the same parties, "where the testimony of such * * * witnesses can not be procured, which fact must be made to appear satisfactorily to the court by the affidavit of the party desiring to use the same, or his attorney."

In Home Laundry Company v. Cook, 277 Ky. 8, 125 S. W. (2d) 763, the cases construing the statute are reviewed and it is held that the filing of the affidavit described by the statute is an indispensable prerequisite to the exercise of the trial court's discretion even though subpoenas had been returned "not found." It is therein pointed out that there was nothing in the record to show that the presence of the witnesses could not have been obtained at a later date or their depositions secured in time for a trial at a later date. To the same effect is Southern Railway Company v. Owen, 164 Ky. 571, 176 S. W. 25. For aught that appears in this record, these witnesses may have been within the jurisdiction of the court within a few days of the trial and subject to service of subpoenas. Though it is stated in plaintiff's motion and ground for a new trial that subpoenas were issued the day before the trial, a presentation of that fact in that manner cannot be regarded as a statement of the record upon which the decision may be rested. The record does not otherwise show any subpoena ever to have been issued. Of course, if the defendant knew at the proper time for getting out subpoenas that the witnesses were out of the state it would have been a useless thing to have such process issued. The point is that they may have been in Jefferson County at that time and that diligence demanded an effort be made to serve them. It is not shown that 'the absence of the witnesses was without the procurement of the plaintiff, though we would not be understood as implying that it was. Cf. Yocum's Adm'x v. Cincinnati N. O. & T. P. Railway Company, 143 Ky. 700, 137 S. W. 217; Wallace v. Lackey, 199 Ky. 190, 250 S. W. 843, 848. The affidavit does not state that the depositions of the two witnesses or either of them could not have been obtained within a reasonable time after the plaintiff had knowledge of their absence from the state, nor that their personal attendance could not be procured if the trial should be postponed for a reasonable time. It is true the affidavit recites the plaintiff did not know the address of either witness, but it does not state that he could not have obtained that information by the exercise of reasonable diligence. In short, we are of opinion that in order to avail himself of the provisions of Section 4643 of the Statutes, a party must make substantially the same disclosures and representations as are required to obtain a continuance of the trial because of

738

absent witnesses. Such is the effect of the several decisions construing the statute. The testimony of these two absent witnesses was very material and important to the defense and undoubtedly the reading of it had its effect upon the jury. We are constrained, therefore, to hold that it was error to permit the reading of that testimony upon the meager disclosures made by the affidavit.

The appellant makes the further point that it was error to permit the introduction of two photographs of the defendant's automobile involved in the accident and another of the street with cars parked at the curb, since the photographs were taken more than a year after the accident. The defendant proved that the conditions disclosed were substantially the same as at that time. However that may be, the same photographs were introduced on the former trial and no question was raised on the appeal as to their incompetency. The effect of the decision was that they were properly admitted and that is the law of the case.

Wherefore, the judgment is reversed.