# Coca Cola Bottling Works of Lexington v. Seale.

Feb. 16, 1945.

Davis, Boehl, Viser & Marcus, and Shumate & Shumate for appellant.

J. Mott McDaniel and Earl B. Rose for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

There have been three trials in this action. The first resulted in verdict for plaintiff in the sum of $5,000, which, however, was set aside and a new trial granted by the trial court. On the second, the court directed a verdict in favor of defendant, appellant herein, which upon ap-

peal was reversed by this court in Seale v. Coca Cola Bottling Works, 297 Ky. 450, 179 S. W. 2d 598. The third resulted in a verdict for plaintiff, appellee herein, for $2,000. From judgment entered upon that verdict, the defendant appeals.

On Sunday morning, March 30, 1941, Clyde Seale, together with four of his friends, purchased five bottles of coca cola in a restaurant owned and operated by Charlie Rose, Booneville, Owsley County, Kentucky. Upon drinking the coca cola from his bottle, Clyde Seale discovered his mouth filled with hard substance, which he at first thought was crushed ice but discovered to be slivers of glass. This action was brought by him against the Cola Cola Bottling Works of Lexington, Kentucky, manufacturers and distributors of the coca cola, seeking to recover damages for injuries sustained as the result of drinking the coca cola containing the glass.

The appellant contends that the trial court erred in the following particulars: (1) In failing to sustain appellant's objection to the reading by appellee on the trial of the testimony of certain absent witnesses given on the former trial, and in permitting such testimony to be read without compliance with the necessary requirements for the introduction of such testimony of absent witnesses. (2) In overruling appellant's motion for a directed verdict at the close of appellee's evidence, and at the close of all the evidence. (3) In giving, over appellant's objection, an instruction with respect to permanent injuries of appellee when there was no proof of permanent injury. (4) Because the verdict is flagrantly against the weight of the evidence. (5) Because the damages are excessive.

Failure to sustain appellant's objection to the reading of testimony of certain absent witnesses, which had been given on a former trial, and the permitting of that testimony to be read, appears to be the most serious of the above contentions. KRS 422.150 reads as follows: "The testimony of any witness taken by a stenographic reporter pursuant to KRS 28.430 may, in the discretion of the court in which it is taken, be used as evidence in any subsequent trial of the same issue between the same parties where the testimony of such witness cannot be procured, but no testimony so taken shall be used in any criminal case without the consent of the defendant."

The appellee claims that at the time the case was

called for trial, he announced ready with the proviso that he be allowed to file the affidavit for the reading of the testimony of the absent witnesses during the trial, and that in order not to delay the case, the court consented that the affidavit be filed later and during the progress of the trial. The appellant complains about this and insists that he was not a party to any such understanding or had ever heard it discussed with the Trial Judge. This question of the delayed filing of an affidavit was raised in the case of Southern R. in Kentucky v. Owen, 164 Ky. 571, 176 S. W. 25, 27, in which it appears that the affidavit was first produced during the progress of the trial and after plaintiff had testified. Appellant there complained of the ruling of the trial court in permitting the former evidence of the witnesses to be read on the second trial. The court said: ''The court is also of the opinion that, where a party proposes to use the former evidence of a witness, it would be the better practice to file the affidavit and make the necessary motion for the admission of the former evidence, before the trial is entered into and before the parties are required to announce as to their readiness for trial.'' The same can be said in the instant case.

This court does not encourage judicial relaxation, but will not interfere in matters of procedure calculated to determine with reasonable speed the substantive rights of the parties, unless there is an unreasonable abuse of discretion. We cannot see that any substantial right of appellant was prejudiced by the delayed filing of the affidavit. The important question confronting us is whether or not the affidavit was sufficient to comply with the provisions of KRS above. We have a number of decisions involving this question. In the case of Southern R. in Kentucky v. Owen, cited above, the court said as follows: ''But this does not mean that, merely because the witness is not present in court, his former evidence may be used. If the witness be dead, or insane, or laboring under such physical or mental infirmity, as to render it impossible to procure his deposition within a reasonable time, or if he be absent from the state and his whereabouts unknown, so that his deposition cannot be procured, or when other conditions of like nature exist, rendering it impossible to obtain his deposition, the use of the former evidence is permissible.'' See Yocum's Adm'x v. Cincinnati, N. O. & T. P. R. Co., 143 Ky. 700, 137 S. W. 217; Byrne v. Morel, 49 S. W. 193, 20 Ky. Law Rep. 1311.

. The supporting affidavit reads in part as follows:

"The plaintiff, Clyde Seale, says that the witness Tommy Crawford is a member of the United States Army serving overseas and out of the United States and its possessions, that the witness, Charlie Rose, is a member of the United States Navy serving in the present war and is absent from the State of Kentucky, and has been absent for over six months, and that this affiant has been unable to determine where said witness is serving in the United States Navy; that the witness, Marcus Baker, is a member of the United States Army serving during the present war and is absent from the State of Kentucky, and is serving in the U. S. Army overseas and outside of the United States and its possessions; that the witness Jack Rose, is absent from the State of Kentucky, and is in the State of Ohio as this affiant is informed and believes; that the witness, Monroe Barrett, has been examined for and accepted by the United States Navy as a member thereof for the present war and that he does not know whether the said Monroe Barrett has entered upon active duty in said service or not but that the said Monroe Barrett is absent from the State of Kentucky; * * *.

"Affiant says that on June 21st, 1944, he caused to be issued from the Clerk's office of this Court, a subpoena directed to the Sheriff of Owsley County for each of said witnesses except Thomas Crawford, and that same has been returned by the Sheriff of Owsley County, Ky., and that same has been returned by the Sheriff of Owsley County, Ky., not found and unexecuted as to each of said witnesses and that each and all of said witnesses are necessary, material and important witnesses for plaintiff on the trial of this case and that each and all of said witnesses are absent from the State of Kentucky and outside the jurisdiction of this court and are absent against the will and without the consent of this plaintiff and without procurement on his part and that each and all of said witnesses are residents of Owsley County, Kentucky, and that it is impossible to procure the attendance in court or the depositions of the witnesses Charlie Rose, Marcus Baker, and Monroe Barrett, and that it cannot be that any of the above three witnesses attendance in Court or depositions can be obtained until after the termination of the present war and until after their release from military or naval service and then only

in event they survive the war and survive in such physical and mental condition as to be capable of testifying.''

In support of his position, appellant cites: Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. 2d 763; Nowak v. Joseph, 283 Ky. 735, 142 S. W. 2d 970. Even in these cases it will be observed that the question of the sufficiency of an affidavit addresses itself to the wide discretion of the court.

The appellant takes the position that the same rigid rules applicable to a motion for a continuance of trial because of absence of witnesses must be complied with. It is true that substantially the same disclosures and representations as required to obtain a continuance must be made. However, since such disclosures and representations must be made to appear satisfactory to the court, this addresses itself, then, to the discretion of the court, upon which we are not disposed to place an arbitrary limitation in the absence of a showing of abuse of such discretion or good reason for such limitation. In the instant case, the absent witnesses were in the service of the United States, and were absent and away from the State. Mindful of the present chaos, flux and dislocation of matters, with attendant uncertainties, these witnesses having appeared in the former trial; having been subjected to rigorous cross-examination, and with nothing to indicate that they would add anything new to their testimony or would testify differently on the second trial, coupled with the extreme uncertainty as to their availability until after the close of the war, if at all, we are of the opinion that the affidavit was sufficient to meet the requirements of KRS 422.150 above, and that the court properly permitted the evidence to be read.

The second contention, relative to his right to a directed verdict, becomes less difficult in view of the opinion on the former appeal, and following our conclusion on the first contention herein. The facts were substantially the same as upon the second trial and former appeal. The court properly refused peremptory instruction.

The next contention of the appellant is on the instruction with respect to permanent injuries, supporting which contention he claims there was no proof of permanent injury. In a perusal of the evidence, we find con-

flicting testimony even among the doctors and specialists on this question. However, this contradictory evidence when taken together with the evidentiary facts of more than two years of continued suffering; inability to sleep, to lie on his right side or breathe in the lung complained of; the resulting nervous condition, all accompanied with the continuing loss of weight, is sufficiently persuasive to incline us to the opinion that the court properly instructed relative to permanent injuries.

The last two propositions are involved in the facts supporting the first three.

Considering the evidence as a whole, it cannot be seriously contended that the verdict is flagrantly against the weight of the evidence, nor the damages excessive. We find nothing constituting reversible error.

Judgment affirmed.