# Empire Taxi Service et al. v. Hagan.

March 27, 1942.

Stanley B. Mayer for appellant.

James Walter Clements for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

The appellee, Anna Mae Hagan, sustained serious personal injuries in a collision between an automobile in which she was a guest and a taxicab of the appellant, Empire Taxi Service, operated by appellant, Marcellus L. Smith. The collision occurred at the intersection of Fourth and Ormsby Streets in Louisville. The taxicab was moving south on Fourth and the automobile was moving west on Ormsby. Fourth Street is a boulevard at this intersection and on the trial the issue was sharply drawn as to whether the automobile in which appellee was riding made the required stop at the intersection. The case was submitted to the jury under instructions which are not criticized and a verdict was returned for appellee in the sum of $5,445.05. From the judgment entered on that verdict this appeal is prosecuted. Grounds urged for reversal are 1) improper argument of counsel for appellee and 2) error in refusing to permit

an entire affidavit as to what an absent witness would have testified to be read to the jury. These will be considered in order.

The entire argument of appellee's counsel was transcribed by the official stenographer and appears in the record without any exceptions to the argument being shown. However, there appears in the record an affidavit of appellants' counsel, which was made a part of the record and certified to be true by an order. The substance of this affidavit is as follows: Near the beginning of the argument appellants' counsel objected to certain statements of opposing counsel (the statements not being shown) and the objection was overruled as was also a motion to discharge the jury; the court told counsel that as the argument was being reported it would be better not to interrupt counsel for plaintiff and that the matter of improper argument could be taken up on motion for a new trial. No further objections to the argument were then made.

As a result of the procedure outlined, the record does not show what language appellants' counsel objected to and the ruling of the trial court thereon but in appellants' brief counsel now assigns as error eighteen different statements made in argument by counsel for appellee, some of these statements being rather lengthy.

Counsel for appellee insists that appellant may not now assign as error claimed improper statements on which no ruling of the court was secured at the time and of which appellants' counsel had no knowledge, and it seems to us that this position is well taken. It is apparent, since the official stenographer's transcript shows no objections made to the argument, that such objection as was made by counsel for appellant was not made in the presence and hearing of appellee's counsel but was made when the trial judge was not on the bench. To permit the taking of a blanket exception to argument of counsel, as is attempted to be done here, would result in intolerable confusion in the practice even though the trial judge attempted to sanction such procedure.

Counsel, in making an argument, is entitled to know when exception is taken to his argument and to know to what portion of his argument the exception extends— at least, the exception must be taken under such circumstances and in such a manner as to give opposing coun-

sel a reasonable opportunity to learn of it and of the court's ruling thereon. It may be that when counsel's attention is called to an exception to his remarks he would withdraw the statement excepted to in such a manner as to render it harmless even though it was objectionable in the absence of such a withdrawal. Ohio County Drug Co. v. Howard, 201 Ky. 346, 256 S. W. 705, 31 A. L. R. 1355. It may be argued that the procedure here adopted would permit the trial judge to deprive counsel of taking a valid exception to argument but the answer to this is that the trial judge has no power to grant a blanket exception to an argument and it is counsel's duty to take the exception to each portion of the argument he deems objectionable and secure a ruling of the court thereon. It is our conclusion that the blanket exception now relied on by counsel may not be considered. We may add, however, that if the exceptions were available to appellant, we would not consider the portions of the argument assigned as error sufficiently prejudicial to require a reversal.

The situation with reference to the second ground urged for reversal is somewhat involved and arises in the following manner. Appellant, Marcellus Smith, in support of a motion for a continuance, filed his affidavit setting forth the testimony of an absent witness and in colloquy which ensued between court and counsel the court asked counsel for appellant if he had a written statement from this witness and counsel said that he did not (it was apparently assumed by court and counsel that such an affidavit could not be made on information and belief). An affidavit of appellee's counsel appears in the record, stating that at this point he agreed to admit the testimony of the absent witness as set out in the affidavit only upon condition that he be allowed to interrogate the maker thereof as to the source of his information, which was agreed to by counsel for appellant, and that pursuant to this agreement only such facts as had been disclosed to the deponent by the absent witness would be allowed to remain in the affidavit—this is the only showing in the record as to the agreement. The affidavit was insufficient under Section 315 of the Civil Code of Practice for the reason that it did not state the belief of the affiant as to the truth of the facts the absent witness would prove, as required by that Section of the Code. This being true, the only right of appellant to read to the jury the testimony of the absent witness contained in the

affidavit was pursuant to the agreement referred to. When Marcellus Smith, the affiant, was questioned out of hearing of the jury it was ascertained that he had never talked to the absent witness and had no statement from him. Therefore, under the agreement, no part of the absent witness' testimony as contained in the affidavit could rightfully be read to the jury since the agreement was that only such facts as had been disclosed to the deponent by the absent witness would be allowed to remain in the affidavit. However, after Marcellus Smith was examined, his father, Freeman Smith, testified aside from the jury, that the absent witness made certain statements to him which were substantially similar to the testimony of the absent witness set out in the affidavit. Thereupon counsel for appellant was permitted to read in evidence a statement of the absent witness which was neither in the words of the affidavit nor the same as contained in the testimony of Freeman Smith. The statement as read to the jury was not as specific as to the failure of the automobile in which appellee was riding to make a stop at the intersection as was the statement contained in the affidavit, nor was it as specific with reference thereto as was the statement Freeman Smith testified the absent witness made to him.

In view of the situation we have detailed it is apparent that appellants have no just complaint on this score. The affidavit was insufficient under the Code and they received more than they were entitled to under the agreement. They cannot complain of the inadequacy of the statement read to the jury when they were not, as a matter of fact, entitled to have any statement read. We may add, however, that it is our opinion that the statement read to the jury, while not as specific as it might have been, contained substantially all competent testimony of the absent witness embraced in the affidavit and was necessarily understood by the jury to be testimony of the absent witness to the effect that the automobile in which appellee was riding did not make the boulevard stop.

Our consideration of the record as a whole convinces us that there was no error sufficiently prejudicial to appellants' substantial rights to require a reversal.

Judgment affirmed.