## Nehi Beverage Co. v. Hall.

Oct. 5, 1943.

S. J. Stallings and Harry N. Lukins for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

William C. Hall sued the Nehi Beverage Company, the bottler of a beverage known as "Upper Ten," to recover damages on account of being made ill as a result of drinking the beverage from a bottle containing small particles or slivers of glass. He purchased the beverage at a drug store operated by Mrs. Ida Markowitz in Louisville, Kentucky, and after ascertaining that the bottle contained a foreign substance notified Mrs. Markowitz. She poured the remainder of the contents of the bottle into her hand and found that it contained small particles of glass. On the trial of the case the jury returned a verdict for $1,000 in favor of the plaintiff, and this appeal is from the judgment entered thereon.

That this court has adopted the rule that an ultimate consumer may bring an action directly against a negligent manufacturer or bottler for injuries sustained by reason of the presence of a deleterious substance in a bottle of beverage, although there is no contractual relationship between the parties, and that such rule is sound is not questioned. Reversal of the judgment is sought on the grounds that certain evidence should not have been admitted, an instruction on contributory negligence should have been given, and the verdict is excessive.

In his opening statement to the jury the attorney for the defendant described the methods used by the Nehi Beverage Company in bottling the beverage known

as Upper Ten, and stated that because of these methods it would be impossible for glass to be in a bottle when the bottle left defendant's plant. Mrs. Ida Markowitz, proprietor of the store where appellee purchased the bottle of Upper Ten, testified that the bottle was delivered to her by appellant, and that she examined it after appellee drank part of the contents and found that it contained glass. She notified appellant's driver and showed him the bottle with the glass in it. A few days later her daughter, a 16-year old girl, opened a bottle of Upper Ten which had been delivered at the drug store by appellant and found that it contained glass. It is insisted that the admission of this testimony was prejudicially erroneous. Appellant concedes the general rule in cases of this character to be that evidence that like products bottled and sold by the defendant at about the same time as the product causing the injury also contained foreign or deleterious substance is admissible. Annotation 127 A. L. R. 1194. The argument that the evidence of similar instances was inadmissible is based on the assumption that the plaintiff failed to show when the beverage referred to in Mrs. Markowitz' testimony was bottled. The witness testified that appellant delivered its products to her store three times a week; that she purchased her supplies as she needed them; that she sold them in the order of their delivery; and that bottled beverages were never kept for a longer period than two weeks. Her testimony showed that the bottle in which particles of glass were found by her daughter had been sold and delivered to her by the defendant at about the same time as the bottle purchased by the plaintiff. It is a fair inference that the two bottles were filled at or about the same time, and, under the rule stated above, the evidence complained of was admissible.

The claim that an instruction on contributory negligence should have been given rests on the theory that the plaintiff continued to drink the beverage after he knew it contained glass or other foreign substance. Appellant attempts to draw such a conclusion from the plaintiff's testimony, but he merely stated that he drank from the bottle hurriedly and after he swallowed about half of the contents "became aware of the fact that there was something gritty in the bottle." He removed a sliver of glass from his tongue, and for the first time realized that the bottle contained particles of glass. There was no evidence of contributory negligence.

The verdict returned by the jury is substantial, but it cannot be said that it is excessive. Appellee was treated at the City Hospital on the day after he drank the beverage, and was advised to eat bread, bananas and other bulky food. He continued to suffer and to pass blood from his bowels, and a week or ten days later consulted Dr. J. H. Green. Dr. Green was unable to be present at the trial, but it was stipulated that if present he would testify to the facts in a written statement made by him. This statement read: "Mr. W. C. Hall came to me and gave a history of having drank a soft drink from a bottle containing glass. He had been treated at City Hospital. I gave no medicine to him but simply advised diet and care. He gave a history of passing blood from bowels and abdominal cramps. He was pale & sick in appearance, complained of griping pains."

The proof shows that appellee lost considerable weight, passed blood for a long period of time, and, according to his own testimony, was suffering pain in his side and stomach at the time of the trial several months after he drank the beverage. In view of the mental anguish and physical suffering endured by him, we are not prepared to say that the verdict reflects passion or prejudice on the part of the jury rather than a deliberate conclusion reached after an unbiased consideration of the evidence.

The judgment is affirmed.