## Seale v. Coca-Cola Bottling Works of Lexington, Ky.

March 21, 1944

J. Mott McDaniel and E. B. Rose for appellant.

Shumate & Shumate, and Davis, Boehl, Viser & Marcus for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Reversing.

The action was instituted by Clyde Seale gainst the Coca-Cola Bottling Works, of Lexington, Kentucky, to recover damages for injuries sustained as a result

of drinking part of the contents of a bottle of Coca-Cola which contained slivers of glass. The beverage was purchased and consumed on Sunday morning, March 30, 1941, at a restaurant owned and operated by Charlie Rose in Booneville, Kentucky. At the conclusion of the evidence, the court sustained appellee's motion for a directed verdict and judgment was entered dismissing the petition.

The rule in this jurisdiction is definitely established, and no contrary contention is made, that a consumer may maintain an action directly against the bottler of a beverage found to contain a foreign substance, for injuries sustained to his health by reason of the consumption of the foreign substance. Nehi Beverage Co. v. Hall, 295 Ky. 353, 174 S. W. (2d) 509, 510. The trial court recognized the rule, but was of the opinion that appellant had failed to establish the integrity of the contents of the bottle from the time it left appellee's bottling plant until it was delivered to the consumer.

The facts presented by the evidence in Nehi Beverage Co. v. Hall, supra, were almost identical with those presented here; and, while the question before us was not directly involved in that case, the decision rendered in respect to the competency of certain evidence inferentially answers our question. In the Nehi case, the plaintiff claimed damages on account of having been made ill as a result of drinking a beverage bottled by the defendant, and which contained small particles of glass. Objection was made to the introduction of evidence that a few days later the daughter of the proprietor opened a bottle of the same beverage, which it was shown had been delivered at the store by the defendant, and in the contents of which was found the same character of substance which it was claimed caused the injury to the plaintiff. The evidence was held to be competent, upon the basis of the showing that the defendant delivered its products to the store three times a week; the proprietor purchased her supplies as she needed them; she sold them in the order of their delivery; that bottled beverages were never kept for a longer period than two weeks; and the bottle in which the particles of glass were found by the proprietor's daughter had been sold and delivered to her by the defendant at approximately the same time as the bottle purchased by the plaintiff. The Court said:

"It is a fair inference that the two bottles were filled at or about the same time, and, under the rule stated above, the evidence complained of was admissible."

The rule referred to was recited to be:

" * * * evidence that like products bottled and sold by the defendant at about the same time as the product causing the injury also contained foreign or deleterious substance is admissible. Annotation 127 A. L. R. 1194."

The decision in respect to the competency of that evidence was in effect a holding that such evidence was sufficient to establish the integrity of the contents of the bottle from the time it left the bottling plant of the defendant. The evidence offered by appellant in this case is, we believe, stronger in his favor than that offered by the plaintiff in the Nehi case. Here it is shown that all Coca-Cola which was sold or served by Mr. Rose at his place of business in Booneville was purchased from appellee; deliveries were made to Rose's place of business by appellee's truck; the driver carried the Coca-Cola in case lots to a back room of the restaurant used for storage purposes; all of the beverage bought from appellee was stored together and used as called for by the trade; stock was replenished twice a week, and only so much as was currently needed was bought at one time. Only two persons had access to the room after delivery of the Coca-Cola in question; one was Mr. Rose, who testified that, so far as he knew, there was no opportunity for anyone to tamper with the bottle in question. The person in possession of the other key at the time of the trial was in the Army of the United States, assigned to duty overseas. He could not be located for the purpose of service of process to command either his presence at the trial, or his presence elsewhere for the purpose of taking his deposition to be used as evidence in the case. However, it was shown that the bottle served appellant, and which contained the deleterious substance complained of, was whole, sound, and unbroken; that when opened it emitted a sizzling or hissing sound, which it was shown by the evidence occurs only on the occasion such a bottle is originally uncapped; that the Coca-Cola contained in the bottle was alive with carbonated gases at the time it was consumed, thus evincing the fact that it had not been uncapped since it left the bottling plant, it being further shown that

carbonated gases promptly escape from bottles containing them when the cap is removed, and although recapped, they do not emit the same sound or contain the same lively quality and taste upon being reopened.

But it is insisted that appellant utterly failed in his proof of the integrity of the contents of the bottle, by failing to introduce the clerk who possessed the second key to the storage room, to establish that the bottle had not been tampered with while under his care. The introduction of such evidence by the absent witness undoubtedly would have made an "airtight" case for appellant; but it was impossible to obtain the testimony of this witness at the time of the trial, or in reasonable anticipation of it. Even had it been possible for the appellant to have procured the attendance of the witness, we are of the opinion that his testimony would not have been necessary to establish the integrity of the bottle, since the proof in respect to the sizzling and hissing of the contents of the bottle, and the condition of the container itself, was sufficient for the jury to conclude that it had not been tampered with. There are times when the law must be content with the proof of reasonable probabilities, and not exact the requirement that evidence in support of a cause be of such character as to preclude the possibility of a finding to the contrary. Lewis v. Ocean Accident & Guarantee Corp., etc., 224 N. Y. 18, 120 N. E. 56, 7 A. L. R. 1129. If a plaintiff introduces the best evidence of which the case is susceptible at the time of the trial, and it is reasonable to infer the ultimate fact to be proven from the evidence introduced, such showing, in the exigency of the situation, will be deemed sufficient to sustain a finding that the ultimate fact has been established. Should the jury on the next trial, from like or similar evidence, conclude that the bottle from which appellant drank contained the slivers of glass when it left the plant of appellee, it will then devolve upon the latter to overcome the presumption that the foreign substance found its way into the bottle as a result of the negligence of appellee, or one of its servants, by evidence that it was placed there by some intervening agency, under the doctrine of res ipsa loquitur, which is:

" 'Where the thing which caused the injury complained of is shown to be under the management of defendant or his servants and the accident is such as in

the ordinary course of things does not happen if those who have its management or control use proper care, it affords reasonable evidence, in the absence of explanation of defendant, that the accident arose from want of care (of the defendant).' * * * 'The reason or theory of the doctrine of res ipsa loquitur is based· in part upon the consideration that; as the management and control of the agency which produced the injury is, under the circumstances to which the doctrine applies, exclusively vested in defendant, plaintiff is not in a position to show the particular circumstances which caused the offending instrumentality to operate to his injury, while defendant, being more favorably situated, possessed the superior knowledge or means of information as to the cause of the accident, and should, therefore, be required to produce the evidence in explanation.' Quillen v. Skaggs, 233 Ky. 171, 25 S. W. (2d) 33, 34.'' Nehi Bottling Co. v. Thomas, 236 Ky. 684, 33 S. W. (2d) 701, 702.

Attentive to these precepts, we are of the opinion the court erred in sustaining appellee's motion for a peremptory instruction. Having. arrived at that conclusion, it is. unnecessary for us to consider the contention that the court erred in overruling appellant's motion for a continuance.

The judgment is reversed, with directions to grant appellant a new trial, and for proceedings not inconsistent with this opinion.