## Coca-Cola Bottling Works v. Curtis.

April 30, 1946.

Stoll, Muir, Townsend, Park & Mohney, and Davis, Boehl, Viser & Marcus for appellant.

William B. Martin for appellee.

OPINION OF THE COURT BY JUDGE SILER—Reversing.

After she drank a bottle of Coca-Cola containing a dead honeybee, Mary E. Curtis, the appellee, recovered judgment for $225 against Coca-Cola Bottling Works, a corporation of Lexington, the appellant. There followed this motion for appeal by appellant.

The three grounds urged for reversal are that (1) the appellee's petition did not support the judgment and that (2) there should have been a directed verdict because (a) appellee did not trace the unbroken integrity of the deleterious product from appellant to appellee and because (b) the appellee was guilty of contributory negligence as a matter of law and that (3) the damages were excessive.

Appellee purchased a bottle of Coca-Cola from a retail dealer and after drinking most of the contents of the bottle, she found therein a dead honeybee. This caused appellee to be nervous and resulted in loss to her of appetite and sleep over a period of two weeks. Upon the occasion in question, appellee completed her day's work, did not incur any doctor bill and thereafter lost no time whatever from her employment. She did not look at the contents of the Coca-Cola bottle until she had drunk most of same and had come in contact with the honeybee upon her lips. She did not take into her mouth any part of the honeybee itself. Appellee alleged in her

petition that the retail dealer in question had the Coca-Cola for sale to the public, but she did not specifically allege that the appellant sold the Coca-Cola to the retail dealer for purpose of resale. The evidence for appellee showed that this Coca-Cola had been purchased by the retail dealer from the appellant and that the Coca-Cola bottles had not been opened by the retail dealer between the time the latter received the Coca-Cola bottles and the time of selling one of same to appellee.

Considering first the sufficiency of appellee's petition to support her judgment, we note that appellant's particular complaint is that the petition did not allege that the Coca-Cola in question was sold by appellant to the retail dealer for the purpose of resale. We cannot say that we are greatly impressed with the gravity of this complaint. We have read the petition and deem it sufficient to support the judgment. The petition alleges, in substance and among other averments, that the retail dealer here involved had the Coca-Cola in question for sale to the public and that it was bottled by appellant and that it was purchased for consumption by appellee. These averments appear to be substantially equivalent to a statement that the Coca-Cola in question was sold by appellant to this retail dealer for purpose of resale.

Considering next the question of whether a directed verdict for appellant would have been proper, we note the contention that the integrity of this bottle of Coca-Cola should have been traced from appellant to appellee. This retail dealer, testifying for appellee on the trial, said this Coca-Cola had been purchased from appellant in the regular sealed-top bottles in normal course of trade and that none of these bottles had been opened before this sale took place. Appellee herself testified that she opened the bottle after its purchase and that she started drinking from it without interim and that this continued until she discovered the deleterious substance, the honeybee, in the contents of the bottle. With this evidence in the record, we feel that the appellee produced enough evidence for submission of the case to a jury for its decision as to whether the foreign object in the Coca-Cola bottle had its origin with appellant or through some intervening opportunity. Appellant also contends that a peremptory instruction should have been given because appellee testified she drank this Coca-Cola without first looking at the contents of the bottle, thereby

establishing her own contributory negligence as a producing cause for the ensuing result. However, it occurs to us that there is no reasonable or legal duty incumbent upon the consumer of a bottle of Coca-Cola to scrutinize the bottle's contents before drinking. A dark object in a dark liquid is not readily apparent and we do not believe it would be a fair requirement to impose upon the buying public such a duty as that of examining each bottle of Coca-Cola for dead honeybees before consuming the contents. Therefore, the trial court committed no error, we think, in submitting this case to the jury for its decision.

Considering the third ground for reversal, we are confronted with the necessity of determining whether the awarded damages of $225 were excessive in comparison to the injuries sustained. Appellee drank a Coca-Cola in which there was a dead honeybee. She did not drink any part of the bee but only the beverage where it was found. She drank a substantial part of the Coca-Cola and admitted on the trial that it did not have an unpleasant or unusual taste. The beverage was not fouled or polluted to the extent that it was odious to the taste. It was mostly a case of a bee being where it should not be, that is in a bottle of Coca-Cola. Now a honeybee is one of the most ingenious and scrupulously clean little creatures ever created by the Almighty Hand. It gathers golden nectar from the clean faces of fragrant flowers, carries this nectar within its own body to the busy hive, and there it makes that delicious and healthful food called honey that we spread on brown biscuits at breakfast. We do not sterilize nor pasteurize honey. We eat this product just as it is handed to us by honeybees. The assumption seems reasonable that appellee was not actually poisoned by this dead honeybee, which did not enter her mouth, but merely received a mental and physical reaction from the bee's presence in her beverage. But although appellee did experience a mental and physical reaction, yet she took no medicine, consulted no doctor, incurred no expense. Appellee went right ahead with her day's duties. She did not lose a single hour from her work, not a thin, useful dime from her wages. Under these circumstances, it seems that the award of $225 was large pay for the nausea that resulted from appellant's negligence in letting a bee get into this bottled beverage. Thousands of people drink beverages in which

the foul housefly has fallen and died. This no doubt frequently produces mental and physical reactions, but the ordinary and usual damages would necessarily be considered rather small in size and amount in an average instance of that kind. While appellee appears to have made out a case of negligence, also to have proven an injury to herself in some degree, also to have established a causal connection between that negligence and her injury, yet we are impelled to say that appellee's judgment for $225 was an excessive award for the rather diminutive damages that were proven on this trial to have resulted from the wrong committed by appellant.

Wherefore, the motion for an appeal is sustained and the judgment is hereby reversed.