## Felsway Shoe Corporation v. Louisville Water Co.

October 4, 1949.

William Mellor for appellant.

Charles W. Morris and Morris & Garlove for appellee.

JUDGE CAMMACK—Reversing.

The Felsway Shoe Corporation instituted this action to recover damages to merchandise in the basement of its store in the 400 block on Fourth Street caused by water which escaped from one of the Water Company's mains. The appeal is from a judgment on a directed verdict given in favor of the Water Company at the conclusion of the evidence offered for Felsway. We are asked to reverse the judgment on the grounds that: (1) the circumstances of the case were such that the mere break in the main was evidence of negligence which made a prima facie case in favor of Felsway under the res ipsa loquitur doctrine; (2) Felsway actually proved that the break in the main was due to the Water Company's negligence; and (3) the trial court erred in refusing to permit the introduction of evidence of prior breaks and leaks in the same main in the same locality and under the same conditions. Since we have reached the conclusion that grounds (2) and (3) are well founded, we shall confine our consideration of the case to them.

In 1934 the Water Company laid a new 12 inch water main in the 400 block on South Fourth Street. Mr. John T. Schuler, who since prior to 1934 has been Superintendent of Distribution for the Water Company, testified that in the ordinary course of events a main such as the one in question should last more than 100 years without breaks or leaks. The main was at all times under the exclusive control of the Water Company. The break which caused the damage in question occurred around 2:20 a. m. on the morning of May 13, 1946. There was a lengthwise splitting of one of the 18 foot sections of the main. Mr. Schuler said that from his examination of the damaged main there was no indication of an outside force which caused the damage. He said also that a break in a sewer under Fourth Street near the 400 block during the 1937 flood caused the earth to go down under the water main, thereby causing a strain on the main, including the section which split in 1946. It was shown also that a strain could cause a water main to break.

Unquestionably the Water Company knew that as a result of the 1937 flood the water main in question was in such a condition that a break might be expected. No steps were taken to jack up the main, or to relieve it from strain. As a matter of fact, Felsway sought to

show that at least eight other breaks and leaks had occurred in the water main within the 400 block following the 1937 flood and prior to the time of the break in question.

It might be well before discussing the contentions made by Felsway to dispose of the Water Company's contention that negligence was not properly pleaded. The charge of negligence was: "On or about May 13, 1946, at or about 2:30 A. M., because of and as a direct and proximate result of negligence and carelessness of defendant, water escaped from an underground water conduit pipe of defendant located near plaintiff's shoe store, ran into the basement of the shoe store and damaged various articles of personal property of plaintiff to the extent that the difference between the reasonable market values of such property immediately before and immediately after such damage, then and there, was $2,-796.41, to plaintiff's damage in such amount."

The argument is made that under this plea Felsway was limited to proof of positive acts of negligence on the date specified in the petition. We think otherwise. The charge was that Felsway's damage resulted as a direct and proximate result of negligence on the part of the Water Company.

Felsway showed through Mr. Schuler that the Water Company knew its water main in the 400 block on Fourth Street had sagged as a result of the flood in 1937, and that such sagging would cause a strain on the main which might reasonably be expected to cause a break. We have noted also that a main such as the one in question could be expected to last 100 years or more. Under the circumstances, Felsway had a right to show that at least eight other breaks and leaks had occurred in the water main in the 400 block on Fourth Street after the 1937 flood. Naturally Felsway was relegated to circumstantial evidence and the opinion of experts. As pointed out in Kentucky Central Railroad Co. v. Barrow, 89 Ky. 638, 20 S. W. 165, it had a right to introduce any evidence having a direct bearing upon the question of the Water Company's negligence. See also Illinois Central Ry. Co. v. Hicklin, 131 Ky. 624, 115 S. W. 752, 23 L. R. A., N. S., 870; and Coca-Cola Bottling Works v. Shelton, 214 Ky. 118, 282 S. W. 778. Such evidence was held admissible in the case of Haas v. City of New

York, 107 Misc. 427, 176 N. Y. S. 433; Silverberg v. City of New York, 59 Misc. 492, 110 N. Y. S. 992; Esberg-Gunst Cigar Co. v. Portland, 34 Or. 282, 55 P. 961, 43 L. R. A. 435, 75 Am. St. Rep. 651; and A. J. Brown & Son v. City of Grand Rapids, 265 Mich. 465, 251 N. W. 561.

As indicated at the outset, we do not think this case requires a consideration of the applicability of the res ipsa loquitur doctrine. That doctrine was applied in the case of Seale v. Coca-Cola Bottling Works of Lexington, Ky., 297 Ky. 450, 179 S. W. 2d 598. However, we think the reasoning in that opinion is applicable to the case at bar. We point out therein that there are times when the law must be content with the proof of reasonable probabilities, and, therefore, must not exact the requirement that evidence in support of a cause of action be of such character as to preclude the possibility of a finding to the contrary. We think Felsway met the burden placed upon it and introduced evidence sufficient to warrant the necessity of the Water Company going forward with its proof.

The judgment is reversed with directions to set it aside and for proceedings consistent with this opinion.