**BETZING et al. v. WYNN.**

Court of Appeals of Kentucky.

May 2, 1952.

William B. Gess, Jack F. Mattingly, Lexington, for appellants.

George R. Smith, J. Marshall McCann, Lexington, John G. Atchison, Jr., Lexington, for appellee.

CLAY, Commissioner.

Appellants employed appellee to construct a building for them. After a substantial amount of work had been completed, the contract was cancelled by mutual agreement. Appellee sued for the balance due him, which was agreed upon, subject to such set-off as appellants proved by reason of appellee's failure to perform according to specifications. The jury disallowed appellants any recovery by way of set-off. On this appeal appellants contend: (1) the verdict was contrary to law because the jury did not follow the instructions; and (2) misconduct of appellee's attorney in his closing argument prejudiced the jury.

(1) Appellants' argument is that the uncontradicted evidence shows appellee deviated from the specifications, and if the jury had returned a verdict in accordance with the instructions, a recovery of at least $657.50 should have been allowed. The many authorities cited sustain appellants' legal proposition that the jury must be gov-

erned by the instructions, and a verdict contrary thereto is contrary to law. See Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272. However, considering the instructions as a whole, we do not find that they required the jury to find anything for appellants. There are two reasons.

■ In the first place, there is proof that the original specifications were changed from time to time by the parties, and that by agreement one type of installation was substituted for another. For instance, while the original specifications called for the installation of "downspout lines" along the interior of the building, there was evidence the parties agreed they could be placed on the outside. There were other items of a similar nature, and while the original specifications were not precisely complied with, there was proof the changed installations were considered by the parties as compliance. For this reason the instructions did not constitute a directed verdict for appellants, and the jury, on conflicting evidence, could decide whether or not the contract as altered by the parties was performed.

■ Secondly, the jury was not required to return a verdict for appellants under the instructions unless it believed they had suffered damage by reason of the deviations from the original specifications. As there was evidence appellee performed in a skillful and workmanlike manner, the jury could find appellants actually benefited by appellee's deviations, and therefore no damage was suffered. For both of the reasons stated, the verdict was not contrary to the instructions.

■ (2) The second contention of appellants relates to improper remarks made by appellee's counsel in his closing argument. The bill of exceptions shows one instance in which appellee's attorney made a rather personal remark concerning the affluence and character of one of appellants. These remarks were improper, and appellee's counsel, J. Marshall McCann, an experienced attorney, must have known it. It is the type of statement about which he would doubtless complain bitterly if he was on the other side of the case.

■ However, we do not find that these remarks, concerning totally irrelevant matters, justify a reversal. When they were made appellants' counsel objected and the court thereupon stated: "Address your remarks to the jury." Appellants' counsel did not request further admonition of the jury, nor did he ask that the jury be discharged. As said in Huber & Huber Motor Express v. Martin's Adm'r, 265 Ky. 228, at page 235, 96 S.W.2d 595, at page 598:

"The general rule contemplates that in every case in which the objecting party conceives an argument of counsel to be improper, after his objection is overruled, he should bring to the attention of the court the insufficiency or the impropriety of its ruling and suggest or request a further or additional action on the part of the court."

This is obviously a sound rule. Not only the court, but opposing counsel is entitled to know if a ruling or an admonition to the jury does not, in the mind of the objector, sufficiently cure the error complained of. See Empire Taxi Service v. Hagan, 290 Ky. 821, 162 S.W.2d 177.

■ In the present case the court actually did not rule upon appellants' objection. However, it may be that the interruption of the argument and the court's statement sufficiently cancelled any prejudice the remarks may have stimulated. If not, it was appellants' duty to request the court for a specific ruling and a more adequate admonition. Having failed to do so at the time, they will not be permitted to amplify their objection in this court. Under the circumstances, this single instance of improper argument does not constitute reversible error.

The judgment is affirmed.