STEIN et al. v. LOUISVILLE WATER CO.. NATIONAL SHIRT SHOPS OF KY., Inc. v. LOUISVILLE WATER CO.

Court of Appeals of Kentucky.

Jan. 25, 1952.

As Modified on Denial of Rehearing June 13, 1952.

752

Dodd & Dodd, Louisville, for appellants.

Morris & Garlove, Louisville, for appellee.

STANLEY, Commissioner.

The appeal is from judgments in favor of the defendant, Louisville Water Company, in actions for damages to a building and stock of merchandise caused by the flooding of the property as the result of two breaks in a water main. Suits were filed for damages suffered by a break which occurred April 17, 1949. Before trial, amended petitions set up damages due to a second break which occurred March 24, 1950. This was in a section of the main connected with that which first broke. The property is located on the southeast corner of Fourth and Jefferson Streets in Louisville. The factual conditions are substantially the same as those related in Felsway Shoe Corp. v. Louisville Water Company, 311 Ky. 259, 223 S.W.2d 875.

It is the same water main, the premises being in the next block of Fourth Street. These breaks were also lateral splits. The evidence also attributed the cause to subsidence of the ground due to the extraordinary flood in January, 1937, which inundated the street several feet deep. The plaintiffs proved that as a result there was a general sinking of the sandy soil beneath downtown Fourth Street, and two large holes had opened up in this very intersection. There had been eleven breaks or leaks in this main within two blocks, a distance of 800 or 900 feet before these two occurred. It was shown that the sinking of the soil created a strain which made the pipe likely to break in the course of time.

In the Felsway case we held that a peremptory instruction for the water company was error. It was not necessary to decide whether the rule of res ipsa loquitur was applicable, for in our opinion the plaintiff's evidence of negligence was sufficient to authorize a submission of the case. The water company had not availed itself of an opportunity to explain away the prima facie case made against it. In the instant case it did introduce proof in defense, so the question simply became one of whether the plaintiffs established the fact of negligence. The appellee argues they did not so prove negligence for they did not introduce, as did Felsway, the defendant's superintendent of construction, whose testimony in a large measure, disclosed negligence or facts which this court deemed to have been proved. But the facts afforded logical inferences of negligent failure to perform the duty of making the water main reasonably safe.

 There is conflict of authority as to whether the rule of res ipsa loquitur may be invoked to establish liability for damages resulting from defects in a water main, or whether negligence must be affirmatively proved. 56 Am.Jur., Water Works, Sec. 38; McQuillin on Municipal Corporations, Sec. 53.103. The doctrine does not prevail at all in some jurisdictions. Where it appears that the condition that resulted in the damage has either been in fact brought to the prior notice of

the water company, which is actual notice, or the condition existed for such space of time as would afford the company sufficient opportunity to know of the defect, which is constructive notice, it is deemed sufficient evidence of negligence. McQuillin, Sec. 53.103. The defendant's superintendent and chief engineer testified a water main properly laid and normally used will last a hundred years. The plaintiff was not to be held to the burden of proving a defect in the particular section of the pipe which burst. The defect was in one continuous line in close proximity to the plaintiffs' property. It is a logical inference that the defendant knew the main had become weakened by shifting or undermining of the soil upon which it rested during the twelve previous years. There was continuity of conditions. We think the evidence sufficiently established a prima facie case as it did in Felsway Shoe Corp. v. Louisville Water Company, supra.

We regard the instructions prejudicially erroneous.

The first part of the instruction upon which liability was predicated reads, "The Louisville Water Company was not and is not an insurer of the safety of its mains. It was the water company's duty to exercise ordinary care as just defined in the operation of its main in Fourth Street." It is conceded that the duty was that of ordinary care. Why then should the jury have been told that the defendant was not an insurer of its water main? We suppose the purpose was that the jury might know that the defendant was not liable unless it was guilty of negligence directly causing the accident; i. e., that no recovery could be had for injury by merely showing it was caused by the breaking of the water main. The statement is correct as a matter of abstract law, for it is quite generally held in the case of the leakage or breakage of a water main of a public service company in a street that the principle of the celebrated leading case of Rylands v. Fletcher, L.R. 3 H.L. 330, 6 Mor. Min.Rep. 129, 1 Eng.Rul.Cs. 235, does not apply. The doctrine was therein laid down that a person who, for his own purposes, collects and keeps on his own premises anything likely to do mischief if it escapes is answerable prima facie for all the damage which is the natural consequence. See 38 Am.Jur., Negligence, Sec. 139. It would have been equally as proper to add the statement that the defendant was not liable either for slight negligence.

It is apparent that the academic negative statement of the law had no place in the instruction. Mere abstract statements of law inapplicable to any phase of the case should not be given. Sec. 17, Stanley on Instructions to Juries. The issue in this case was solely that of ordinary negligence. Such an instruction as this emphasizes the limitation of legal liability of the defendant and is calculated to be detrimental to the plaintiff. It tends to confuse the jury as to the standard of care required of the defendant in the given circumstances. It is true, as the appellee points out, that instructions containing such a negative phrase have been approved by this court. But the immediate point was not consciously considered, for the instructions were questioned upon other grounds. It appears most of them were given in cases where the liability of the defendant rested on slight negligence rather than the failure to exercise ordinary care. However, we do not regard the inclusion of the statement as in itself a prejudicial error. But upon another trial it should be omitted.

The instruction made liability of the defendant dependent upon belief by the jury of the existence of four concurring conditions, namely, (1) that the water of the 1937 flood had caused a shifting or slide in the water main from its original position, and (2) that such fact, if it was a fact, made it not reasonably safe for the retention and transmission of water at the point of the breakage, and (3) that such condition, if it existed, was known to the officers or agents of the water company charged with the maintenance of the system or could have been known to them or any of them by the exercise of ordinary care, and (4) that because of that condition the pipe broke and damaged plaintiffs' property.

754

■ It seems to us the instruction contained more than it should. None of the parties stated in their pleadings or offered an instruction containing all these factors. The issue was not what caused the break. That was merely a matter of evidence. Regardless of the flooding of the street more than twelve years before the event, the question was whether the defendant had exercised ordinary care in maintaining its water main in a safe condition. The company could not remain inactive with the warning it is shown to have had of the bad condition and then escape liability for its negligence because of vis major or an emergency where there was no time to learn and remedy the condition. If its negligence combined with natural causes produced the damage, its liability for the injuries caused by its own negligent acts cannot be avoided though there were concurring natural causes. Dunning v. Kentucky Utilities Co., 270 Ky. 44, 109 S.W.2d 6, 7; Egelhoff v. Ogden City, 71 Utah 511, 267 P. 1011; 65 C.J.S., Negligence, § 115.

■■ Basically, the company is bound to use a degree of diligence and care proportioned to the danger reasonably to be anticipated from a break in its main, which is its duty to avoid. It was under the duty to exercise ordinary diligence to discover the defect and danger of breaking. Negligent ignorance is no less a breach of duty than willful neglect, and an individual or corporation is presumed to know what it should have discovered by the exercise of ordinary diligence. Brown Hotel Co. v. Sizemore, 303 Ky. 431, 197 S.W.2d 911.

It seems to us the instruction should have merely submitted the issue of ordinary care on the part of the defendant to learn of the defective condition of the pipe and to remedy it. Mann Bros. v. City of Henderson, 154 Ky. 154, 156 S.W. 1063. There was no denial of the defective sections of the water main or that it burst and caused injury to the building of one of the plaintiffs and the stock of merchandise of the other. The plaintiffs offered an instruction upon this principle though it was incomplete. It seems to us that the proper

instruction is a simple one, substantially as follows:

■ "Ordinary care" means that degree of care which is usually exercised by ordinarily careful and prudent persons operating water systems under the same circumstances or circumstances similar to those existing in this case.

If the jury believe from the evidence that the defendant, its officers or agents, knew or by the exercise of ordinary diligence could have known of the defective condition of the water main and did not use ordinary care to remedy it and prevent the breaking thereof, then the law is for the plaintiffs and the jury will so find. Unless you so believe, you shall find for the defendant.

■ The appellant further argues that the court should have given an instruction based upon improper installation or defective original construction of the water main because of evidence that if such a line be properly laid, it may be expected to last 100 years, and this line was laid in 1934, or 15 or 16 years before the respective breaks occurred. It is claimed an instruction should also have been given because of evidence from which it could be inferred that the company was negligent in repairing the first break because it did not at the same time remedy the condition in the second section which later broke. All that is necessary to say on this point is that the plaintiffs did not offer an instruction on these theories of liability, and the court was not obliged to instruct on them. Instructions to Juries, Stanley, Sec. 8.

In submitting the defense, the court, in substance, instructed the jury that though they believed the water main was not in a reasonably safe condition and the company knew, or should have known it, yet the company was not liable for the damages resulting from the breaking of the main unless its officers or agents could "reasonably have anticipated as a reasonable probability that the main would break" at the place and in the exercise of ordinary care had no reasonable way or method of avoiding the breaks, then "the

breaks constituted an unavoidable accident" and the jury should find for the defendant.

An unavoidable accident is essentially a happening to which human fault does not contribute. When the casualty or damage resulted "from known actions of known persons and things, the giving of an accident instruction is error by the great weight of" authority. Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W.2d 707, 712, 65 A.L.R. 129. A more succinct statement is, "An unavoidable accident is one which occurs while all persons concerned are exercising ordinary care, that is, one not caused by the fault of any of the persons" concerned; and "if the accident producing the injury could have been prevented by either person by means suggested by common prudence it is not deemed unavoidable." 65 C.J.S., Negligence, § 21. Hence, there is no place for an instruction on unavoidable accident where the evidence discloses negligence. Chicago Veneer Co. v. Jones, 143 Ky. 21, 135 S.W. 430; E. P. Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S.W. 578; 65 S.J.S., Negligence, § 301.

The only legal defense the water company really had was a negative one—that it could not in the exercise of ordinary care have known of the defective condition of its water main and have remedied it. That defense, it seems to us, will be sufficiently covered by the "unless" provision concluding the instruction submitting the plaintiffs' causes of action. Cincinnati, N. O. & T. P. Ry. Co. v. Nelson, 299 Ky. 19, 184 S.W.2d 108.

We are of opinion that the court properly refused to permit the introduction of testimony as to previous breaks in the water mains running under Liberty and Walnut Streets where they intersected the Fourth Street main. But we think it was competent to show the break in the Jefferson Street main at the intersection where the plaintiffs' property was located.

The court sustained an objection to a hypothetical question submitting to Robert E. Martin, a consulting engineer, statements of large cavities in Fourth Street at Jefferson and Walnut Streets and a sinking of the subsoil of Fourth Street between those two points immediately after the 1937 flood and asking his opinion as to the cause of the number of breaks in the water main thereafter. He answered by way of an avowal that the water main had been "undermined, shifted in some way, laterally or down, vertically." In the Felsway Shoe Corporation case, supra [311 Ky. 259, 223 S.W.2d 876], we wrote, "Naturally Felsway was relegated to circumstantial evidence and the opinion of experts." We think this testimony was competent and it was error to have rejected it.

The judgments are reversed.