**NATIONAL SURETY MARINE INS. CORP.**
**v. WHEELER.**

Court of Appeals of Kentucky.
March 20, 1953.

Rehearing Denied May 29, 1953.

Wells & Wells, Paintsville, for appellant.

W. A. Johnson, Paintsville, for appellee.

CLAY, Commissioner.

Appellant issued appellee a $12,000 insurance policy covering the loss of personal effects. Appellee suffered such a loss by reason of the theft of his automobile. This occurred June 4, 1949, and suit on the policy was filed February 20, 1951. On a jury verdict appellee recovered judgment for $9,000.

Appellant first argues that the limitation of one year within which to file a suit, as provided by the policy, terminated its liability. There was an abundance of evidence, consisting of letters and telegrams, which showed clearly that appellant and appellee were actively negotiating a settlement of this claim for some time up to and beyond the limitation period. It appears appellant was not denying liability, and that its principal concern was the sufficiency of proof of loss and the completion of its investigation.

It is generally recognized that a contractual limitation period may be waived. Johnson v. Calvert Ins. Co., 298 Ky. 669, 183 S.W.2d 941; 15 A.L.R.2d 955. Appellant insists appellee must have shown actual fraud or misrepresentation or an actual promise to pay the claim if the insured would defer filing suit. Neither on principle nor authority is the doctrine so limited. 56 Am.Jur., Waiver, Section 12. The essence of waiver is the intentional relinquishment of a known right. The proof is overwhelming that appellant recognized appellee had a valid claim which it intended to pay (the amount only being in dispute), and its acts belied any intention to rely on the limitation period as a bar. This condition was waived as a matter of law. Therefore, we deem it unnecessary to consider appellant's technical objection to the instruction by which this issue was submitted to the jury.

Appellant next complains there was no competent evidence of the actual loss. Appellee testified from a memorandum he had made about two months after it occurred. His wife also testified concerning certain items. In addition, appellee introduced several duplicate bills or invoices from various stores regarding purchases he had made. It is appellant's position that appellee and his wife were not experts and could not therefore testify concerning the value of their clothing and other personal effects lost; that the memoranda from which they testified were inadmissible as self-serving declarations; and that the invoices should not have been admitted because not the best evidence. The authorities cited by appellant refute this argument.

The facts show appellee traveled extensively, and according to his testimony, he and his wife carried with them practically all of their clothing and personal effects. These articles had been purchased in a number of cities scattered throughout the United States from Des Moines, Iowa to Dallas, Texas. When they were lost, they were gone. It would have been impossible to introduce expert testimony concerning their value at the time of loss, particularly since this character of personal property has no real market value.

Under such circumstances it is generally recognized that a party may introduce the best evidence of which the case is susceptible. Seale v. Coca-Cola Bottling Works of Lexington, Ky., 297 Ky. 450, 179 S.W.2d 598. That is the very rule stated in the excerpt quoted by appellant from 20 Am.Jur., Evidence, Section 372. It is:

"Where personal property is without market value then the law allows the next best evidence to be given to ascertain its value. In such cases, evidence as to cost and other considerations which may affect value or which tend to show its worth, actual, real, or intrinsic, is admissible."

In a case cited by appellant involving an insurance claim, this rule was recognized and the court held that duplicate bills or invoices are competent to support the claim for lost articles. New York Underwriters' Insurance Company v. Mullins, 244 Ky. 788, 52 S.W.2d 697. It is of course well recognized that memoranda of facts

made by a witness while the facts were fresh in his mind may be used as the basis of testimony. 20 Am.Jur., Evidence, Section 946.

It is thus apparent that in a case of this sort we must recognize the realities with respect to the availability of proof. The substance of appellee's evidence was that he and his wife owned a sustantial amount of expensive wearing apparel which was lost, in addition to other items such as professional photographic equipment. In support of his testimony with respect to value and the original cost of these articles, he testified from a memorandum he had made up soon after the loss, and filed duplicate invoices showing prices and the dates of purchase. His estimate of the extent of his loss was much higher than the jury allowed, indicating that the jury took into consideration the depreciated value of the items. Although appellant insists that appellee exaggerated his loss to the extent that his testimony was manifestly untrue, we wonder why, if the property was not valuable, appellant was willing to insure it for $12,000. We think the proof was competent and sufficient.

Appellant finally contends the argument of appellee's counsel was improper and prejudicial. A statement was made that the policy fixed the amount of the damage at $12,000. It did not do so, and the inaccurate statement should not have been made. However, it is obvious the jury did not take the argument to mean that they must find damages in the amount of $12,000 because the verdict was for $9,000.

Appellee's counsel did make an improper statement when he told the jury that an affidavit, accepted in lieu of granting appellant a continuance, was not the testimony of the witness but something appellant's attorney "had made up". This sort of statement was condemned in Madisonville, Hartford & Eastern Railroad Company v. Allen, 152 Ky. 706, 154 S.W. 5. However, the bill of exceptions shows the court did not rule on the objection to this statement and appellee's counsel then stated he would admit the affidavit. If appellant was dissatisfied with what occurred after his objection, he should have insisted on it, and at least have requested the court to admonish the jury. See Betzing v. Wynn, Ky., 1952, 248 S.W.2d 727. Under the circumstances, we do not find this isolated statement in the argument constituted reversible error.

The judgment is affirmed.