## EWING VON ALLMEN DAIRY CO.

### v.

### MILLER.

Court of Appeals of Kentucky.

Jan. 22, 1954.

Rehearing Denied March 12, 1954.

Raymond L. Sales, Louisville, for appellant.

Herman E. Frick, Louisville, for appellee.

SIMS, Chief Justice.

The parties to this appeal will be referred to as plaintiff and defendant. Mrs. Miller, as next friend and natural guardian of her infant daughter, Maria, sued the Ewing Von Allmen Dairy Company for $1,500 damages for personal injuries to the child and obtained a verdict of $800. In seeking to reverse the judgment defendant insists: 1. A verdict should have been directed in its favor; 2. the damages are excessive. As the first ground is well taken, we do not reach the second.

Plaintiff was a little girl about 3 years of age at the time of her injury on February 22, 1951. On that day Mrs. Miller, accompanied by two daughters, Maria and her sister slightly older, purchased a pint of ice cream in a paper carton from a store of the Atlantic & Pacific Tea Company at Shively. The ice cream was manufactured and packed by Ewing Von Allmen Dairy Company and Mrs. Miller took it from a self-service open refrigerator in the front of the store. She, with the children, drove to her home some two miles from the store, went into the kitchen and without unsealing the carton, cut it in two on the kitchen table with a clean knife and gave each child one-half and spoons with which to eat it out of the carton. She went into her living room and in a minute or two heard the older child call that Maria was choking. Mrs. Miller ran into the kitchen, put her finger in Maria's throat and pulled out a very small wire almost two inches long and about the size of heavy thread or light string.

Mrs. Miller testified she could not state that the wire was in a ball or wadded up but she did say it was not straightened out full length. Maria's throat became infected and for a couple of weeks she could take no nourishment except liquids, and she did not play. The child was taken to Dr. John M. Hick some two or three weeks after the occurrence, who found her throat infected. He could not state what caused the infection but gave Maria an antiseptic and she soon completely recovered.

The Manager of the store testified three deliveries a week of the cream were made by defendant to the store; that the price was marked on them and the packages were placed in an open freezer in the store from which customers served themselves; that the store was a very busy one and no particular watch was made of this freezer.

Defendant proved that it manufactured and packed the ice cream by the latest improved machinery and it was next to impossible for this wire to have gotten in the ice cream in its plant and before delivery to the store. Jesse G. Seeders, superintendent of production of ice cream for defendant, testified the milk first went into a filter of about 112 discs which spin at terrific speed to throw out any foreign substance which might be in the milk; then it is piped to pasteurizing vats, then to the homogenizer, which has two sets of valves through which the milk flows under 2500 pounds pressure so that nothing but liquid can go through; then it flows into the freezers where the pumps are so precisely set that no foreign substance can go through them, and the ice cream is packed into cartons by machinery. There are four stages in the process of manufacturing and packing that make it next to impossible for any foreign substances to get into the ice cream. From the time the milk is poured into the first machine until it is packed into the cartons by the last machine, it is enclosed in the machinery and no human hand or outside air touches it.

It is the position of defendant that the rule of res ipsa loquitur does not apply to this character of case and before plaintiff is entitled to have her cause submitted to the jury, she must show by a high degree of proof that there was no reasonable

opportunity to tamper with the containers; in other words, she must establish the integrity of this carton of ice cream from the time it was delivered to the store by defendant until she choked on the wire, citing East Ky. Beverage Co. v. Stumbo, 313 Ky. 66, 230 S.W.2d 106; Ashland Coca-Cola Bottling Works v. Byrne, Ky., 258 S.W.2d 475. The facts in the case at bar distinguish it from the Stumbo and Byrne actions in that in them there was an opportunity for the bottles to have been tampered with, while here the proof showed there was no opportunity to tamper with this ice cream carton. Plaintiff relies upon such cases as Coca-Cola Bottling Works v. Curtis, 302 Ky. 199, 194 S.W.2d 375, and Seale v. Coca-Cola Bottling Works of Lexington, 297 Ky. 450, 179 S.W.2d 598.

However, in the instant case we do not reach the question of the integrity of the carton as plaintiff's proof falls far short of showing that the wire which choked Maria came from the ice cream. Of course, Maria and her sister were much too young to testify as witnesses, but the propensity of very young children to put any and everything in their mouths, small enough to go in, is within the knowledge of all mankind. Plaintiff's proof does not establish when or where Maria put this small piece of fine wire in her mouth, but it only shows when and where she choked on it. From all that is shown in the record, she might have gotten the wire off the kitchen table or in the automobile, or numerous other places, and had it in her mouth when she started eating the ice cream. In the face of the strong proof of defendant that it was next to impossible for this wire to have gotten into the ice cream before defendant delivered it to the store and in view of the further fact it was not shown when and where Maria put the wire in her mouth before she choked, a verdict should be directed in favor of the company. We have many times written that facts upon which a cause of action is based must be proven and not assumed, and it is never proper to submit a case to the jury where the verdict

would be based upon surmise or speculation. McAtee v. Holland Furnace Co., Ky., 252 S.W.2d 427, and cases there cited.

Should there be another trial and should the evidence be substantially the same as shown in this record, a verdict will be directed in favor of defendant. The judgment is reversed.