**HARRIS BROTHERS CONSTRUCTION COMPANY, Appellant,**

v.

**Charles CRIDER et al., Appellees.**

Court of Appeals of Kentucky.

June 15, 1973.

John V. Porter, Jr., Wells, Porter & Schmitt, Paintsville, for appellant.

Robert J. Greene, G. C. Perry, III, Paintsville, for appellees.

CATINNA, Commissioner.

This is an appeal from a judgment of the Floyd Circuit Court upholding an order of the Workmen's Compensation Board awarding Charles Crider total permanent disability benefits resulting from injuries sustained while an employee of Harris Brothers Construction Company.

Harris Brothers Construction Company is engaged primarily with construction of electric transmission lines in the eastern part of Kentucky. Charles Crider was employed by Harris as a lineman, his primary duty being the stringing of lines on the utility poles which necessitated his climbing the poles a great part of the time.

On November 7, 1969, Crider, while assisting others in the placement of a transformer, injured his back to such an extent that he could not continue working for the remainder of the day. He consulted a physician who stated that he had a back sprain. On November 15, 1969, the doctor released him to go back to work. Crider testified that the accident was reported and that he drew four or five days' workmen's compensation. Crider also testified that after being off from work a week he went back to work as a lineman. He further testified that from the date of injury he continued to have pain in his back which radiated down his leg, but that in spite of the pain he continued working until December 30, 1970. At that time he had a "new bout of back pain" which was so severe that he had to come down off the pole where he was working, and because of the severity of the pain he was unable to return to work.

In the early part of January 1971, Crider and his wife contacted J. K. Wells, attorney for Harris Brothers' insurance carrier, and informed him that Crider was no longer able to work because of his back injury. Crider denies telling Wells that he injured his back on December 30, 1970, but that he had a "new bout of back pain" or, as his wife added, "a sudden bout of severe pain" so that he was unable to work. He prevailed upon Wells to contact the insurance carrier regarding immediate compensation payments. Wells, under the impression that Crider had been injured on December 30, 1970, caused compensation payments to be made. He later requested that Crider supply him with a report of the incident of December 30, 1970, so that he could justify these payments. Crider did not file his report but on February 22, 1971, filed his application for adjustment of Claim Form No. 11 with the Board, alleging the injury of November 7, 1969. No mention was made of the episode of December 30, 1970.

On April 16, 1971, Harris Brothers filed a special answer, pleading that any claim arising out of the accident of November 7, 1969, was barred by limitations. KRS 342.270. On May 21, 1971, Crider filed an amended Form No. 11 which reads in part as follows:

". . . amends his form 11 to mention as an additional accident or trauma one on December 30, 1970 which was more particularly detailed in the testimony of Dr. Curwood Hunter, . . . ."

In reply to the special answer, Crider maintained that the payments made during January and February of 1971 constituted a waiver of the right to plead limitations as to the injury of November 7, 1969.

At the conclusion of the evidence, the Workmen's Compensation Board found Crider to be totally disabled as a result of the injury of November 7, 1969. We quote pertinent portions of the opinion of the Board:

"5. The defendant filed a Special Plea to Limitations. The defendant paid the claimant compensation for six weeks from January, 1971 and therefore waived his plea of limitations. Plaintiff filed his claim on February 22, 1971.

"6. . . . the Board finds plaintiff has a 100% permanent total disability to the body as a whole; . . . that said disability is a direct result of his injury of November 7th, 1969.

. . . . . .

". . . plaintiff is awarded and shall recover of the defendant, and/or its insurance carrier, the sum of $49.00 per week for a period of 425 weeks from November 7th, 1969; . . . ."

The Board made no mention of the amended Form No. 11 by which Crider brought to its attention an additional trauma or injury alleged to have occurred on December 30, 1970.

The questions before us are (1) did Harris waive its right to plead limitations by reason of the payments of January and February 1971; and (2) was there additional trauma or injury on December 30, 1970? We will discuss these two points in the order set out, together with pertinent evidence.

It is admitted by all of the doctors who testified, with one exception, that Crider's injury of November 7, 1969, resulted in a herniated intervertebral disc. However, Crider returned to work within one week and made no further claim for this injury until he filed his application on February 22, 1971.

Although the Workmen's Compensation Act requires that the claim be filed within one year from the date of injury or the cessation of voluntary payments, the Board found that the payments made in 1971 constituted a waiver of Harris' right to plead limitations. At the time Crider contacted J. K. Wells, limitations had already run on any claim he might have for the injury of November 7, 1969. Crider admits that although in pain he continued to work until December 30, 1970, when, while working on a utility pole, he had a sudden and severe episode of pain which has rendered him incapable of working since that date.

J. K. Wells testified that it was his understanding that the payments which he prevailed upon the insurance carrier to make were for an injury sustained on December 30, 1970, and that the carrier's invoices reflected this fact.

On the question of waiver we find the general authority to be that a waiver exists only where one with full knowledge of a material fact does or forbears to do something inconsistent with the existence of the right or of his intention to rely upon that right. Knowledge of the existence of the right on the part of the party claimed to have made the waiver is an essential prerequisite to its relinquishment. No one can be said to have waived that which he does not know, or where he has acted under a misapprehension of the facts. 28 Am.Jur.2d, Estoppel and Waiver, Sections 157 and 158; Stowers v. Harper, Tex.Civ.App., 376 S.W.2d 34 (1964); Pipes Chevrolet Company v. Bryant, Ky., 274 S.W.2d 663 (1954); Davies v. J. D. Wilson Company, 1 Wis.2d 443, 85 N.W.2d 459 (1957); Nolop v. Spettel, 267 Wis. 245, 64 N.W.2d 859 (1954). Cf. National Surety Marine Insurance Corp. v. Wheeler, Ky., 257 S.W.2d 573 (1953).

The testimony of J. K. Wells that he caused the payments of January and February 1971 to be made upon the mistaken impression that they were for an injury sustained on December 30, 1970, is entitled to credence in the absence of any evidence to the contrary; therefore, the Board was in error in finding to the contrary. This being true, the payments made were upon a mistake of fact or, as has been put otherwise, under a misapprehension of the facts. These payments did not constitute a waiver of the right to plead limitations, and Harris is not subject to liability for those injuries sustained on November 7, 1969. KRS 342.270.

Although the Board ignored Crider's amended Form No. 11 to the effect that there had been an additional trauma on

December 30, 1970, the evidence supports the pleading.

Dr. Hunter, in testifying, stated that the rupture of the intervertebral disc occurred on November 7, 1969, but that in his opinion Crider had suffered an additional trauma on December 30, 1970.

Dr. Herbert Knodt, although testifying that the ruptured disc resulted from the November 7, 1969, injury, stated that it was his opinion that Crider suffered a second trauma while working on the poles on December 30, 1970. In fact, he stated that a second injury would have been necessary in order to sustain his present diagnosis.

Dr. James D. Adams treated Crider on November 9, 1969, and stated that it was his opinion at that time that Crider was suffering from a "lumbosacral spine," that he was improved with treatment, and went back to work on November 15, 1969. The doctor further stated that his records indicated that Crider reinjured his back in December 1970, that he did not improve, and he was referred to a specialist. This doctor also stated that in his opinion Crider suffered an additional trauma and that both of the episodes contributed to Crider's present condition.

It was error on the part of the Board to ignore the written pleadings and evidence upon this claim concerning the injury of December 30, 1970. The amended Form No. 11 was sufficient to require the Board to give this matter consideration and to find and determine whether there had been a second injury and, if so, the percentage of disability resulting from this second episode. Upon such finding, it would have been necessary for the Board to make the proper allocation following the guidelines of KRS 342.120 and Young v. Young, Ky., 460 S.W.2d 832 (1970).

The judgment is reversed with directions that a new judgment be entered remanding this case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.

All concur.