JULIA SMITH GIBBONS,
concurring in part and dissenting in part.
I agree with the majority opinion’s analysis that the contract is unambiguous and that Weaver was entitled to commissions on chimneys and silos, other than water tanks, sold or approved by Caldwell, whether or not Weaver procured or assisted with the sales. I disagree that we must remand on the waiver issue and believe that the district court’s disposition of this issue is sufficiently clear to permit review and also correct. I also disagree with the majority opinion’s view that the damages are liquidated. Thus, I would affirm on all issues.
With regard to waiver, the November 2004 order does misstate the substance of the waiver ruling in the September 2003 order. Nevertheless, the November 2004 order clearly indicates that the district court concluded that Weaver did not waive his right to a commission and that it is a final and appealable order, disposing of all liability issues in the case. The district court’s ruling that Weaver did not waive his right to a commission comports with the record on the summary judgment motion, for there is no evidence in that record from which a trier of fact could find that Weaver acted in a manner inconsistent with his right to receive commissions. See Harris Brothers Construction Co. v. Crider, 497 S.W.2d 731, 733 (Ky.1973). Assuming full knowledge on Weaver’s part, a failure to come forward promptly in the context presented here does not amount to the intentional relinquishment of a known right, as required under Kentucky law. See Bates v. Grain Dealers Nat’l Mut. Fire Ins. Co., 283 S.W.2d 3, 5 (Ky.1955).
Turning to the district court’s refusal to award prejudgment interest, the majority opinion correctly sets forth the rules that apply in determining whether damages are liquidated or unliquidated — the issue that controls whether the district court had discretion to deny prejudgment interest. But, in my view, it incorrectly concludes that damages were liquidated simply because they were based on commissions that could be calculated. This case presents countless opportunities for dispute about the amounts owed. Some areas of difference could include numbers and timing of sales, the amount of the final gross contract price of particular sales, whether the required approval by the Company occurred, and numbers of hours expended by Weaver. The damages here are quite plainly unliquidated.